CT Corporation

**Service of Process Transmittal**
01/21/2015
CT Log Number 526430724

| | |
|---|---|
| **TO:** | Anna Santos<br>Iqor, Inc.<br>200 Central Avenue, 7th Floor<br>St. Petersburg, FL 33701 |

**RE:**  **Process Served in Florida**

**FOR:**  iQor Holdings US Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paris Shoots, indivdually and on behalf of the proposed rule 23 class, Pltf. vs. iQor Holdings US Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint, Acknowledgement |
| **COURT/AGENCY:** | Hennepin County - Minnesota - District Court, ., MN<br>Case # None |
| **NATURE OF ACTION:** | Employee Litigation - Claim for failure to pay employees for all hours worked in violation of Minnesota Payment of Wages Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/21/2015 at 14:10 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Tim C. Selander<br>Nichols Kaster, PLLP<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>612-256-3212 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/22/2015, Expected Purge Date: 01/27/2015<br>Image SOP<br>Email Notification, Anna Santos annakarla.santos@iqor.com<br>Email Notification, Kristina Marie Cuenco KristinaMarie.Cuenco@iqor.com<br>Email Notification, Hilary Busby hilary.busby@iqor.com<br>Email Notification, Brendan Lee Brendan.Lee@iqor.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

**EXHIBIT**

A

Page 1 of  1 / JJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State of Minnesota

County of Hennepin

District Court

Fourth Judicial District

Paris Shoots, individually and on behalf of the Proposed Rule 23 Class

Plaintiffs,

Court File Number: _____

Case Type: Employment

vs.

iQor Holdings US Inc.,

Defendant.

**Summons**

THIS SUMMONS IS DIRECTED TO: C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**   You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Nichols Kaster, PLLP
4600 IDS Center
80 S. Eighth St.
Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for

the relief requested in the complaint.

    5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

    6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 1/20/2015

NICHOLS KASTER, PLLP

Rachhana T. Srey, MN Bar No. 340193
Tim C. Selander, MN Bar No. 0387016
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 256-3212
Fax:   (612) 338-4878
srey@nka.com
selander@nka.com


TESKE, MICKO, KATZ, KITZER & ROCHEL, PLLP

Douglas L, Micko, MN Bar No. 299364
Vildan Teske, MN Bar No. 241404
222 South 9th Street, Suite 3210
Minneapolis, MN 55402
Phone: (612) 746-1558
Fax: (651) 846-5339
micko@teskemicko.com
teske@teskemicko.com


ATTORNEYS FOR PLAINTIFF AND THE PROPOSED RULE 23 CLASS

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                            FOURTH JUDICIAL DISTRICT
                                                     CASE TYPE: CIVIL

---

Paris Shoots, individually and                        Court File No.
on behalf of the Proposed
Rule 23 Class,

                        Plaintiffs,              **CLASS ACTION COMPLAINT**
                                                  **(JURY TRIAL DEMANDED)**
v.

iQor Holdings US Inc.,

                        Defendant.

---

Plaintiff Paris Shoots ("Plaintiff"), individually and on behalf of the proposed Rule 23 Class, by and through his attorneys, Nichols Kaster, PLLP, and Teske, Micko, Katz, Kitzer & Rochel, PLLP, brings this action for damages and other relief for Defendant's violations of Minnesota state law. Plaintiff states the following as his claims against Defendant:

### PRELIMINARY STATEMENT

1.      This case is about Defendant's intentional, systemic, and illegal use of a timekeeping system that is designed to avoid paying employees for all of their hours worked.

2.      Defendant's failure to pay employees for all earned wages violates Minn. Stat. § 181.101.

3.      Plaintiff, individually, and on behalf of other current and former employees, brings this proposed class action against Defendant on behalf of all individuals who have worked for Defendant as contact center agents (also known as customer care agents, collections agents, new business agents, student loans agents, or sales agents, or other similar job titles) (hereinafter collectively "CCAs"), and at any time within three years prior to the filing of this Complaint.

4.      This action is brought as a class action pursuant to Rule 23 of the Minnesota Rules of Civil Procedure, to remedy violations of Minnesota state law, specifically the Minnesota Payment of Wages Act, Minn. Stat. § 181.001, et seq., and the supporting regulations.

5.      Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of Plaintiff's and the proposed Rule 23 Class's rights.

**PARTIES**

**Plaintiff**

6.      Plaintiff Paris Shoots is an adult resident of the State of Minnesota.  Plaintiff was employed by Defendant as a CCA from approximately March 2013 to July 2014 at its contact center in Plymouth, Minnesota.

7.      Plaintiff and the proposed Rule 23 Class have been employed by Defendant within the three years prior to the filing of this lawsuit.

**Defendant**

8.      Defendant iQor Holdings US, Inc. is a New York corporation that, according to its website, is "a global provider of business process outsourcing and product support services." Defendant also provides customer care outsourcing, business analytics software and services, BPO back-office services, accounts receivable management services, and aftermarket services. a

9.      Defendant employs approximately 32,000 workers in 17 countries.

10.     Defendant operates 25 contact centers throughout the United States, including a contact center in Plymouth, Minnesota.

## JURISDICTION AND VENUE

11.    This action arises under the Minnesota Payment of Wages Act, Minn. Stat. § 181.001, et seq. and the supporting regulations.

12.    This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to Minn. Stat. § 484.01.

13.    Venue is proper pursuant to Minn. Stat. § 542.09, because the unlawful practices described hereinafter were committed in Hennepin County and Defendant resides or conducts business in Hennepin County.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

14.    Plaintiff and the proposed Rule 23 Class worked or work as CCAs for Defendant. As CCAs, Plaintiff and the proposed Rule 23 Class were or are responsible for receiving incoming calls and/or making outbound calls to and from customers of third party companies who contract with Defendant for its outsourcing services.  These services include but are not limited to collections, customer service, and inbound sales.

15.    Plaintiff and the proposed Rule 23 Class were paid hourly by Defendant.

16.    To track Plaintiff's and the proposed Rule 23 Class's hours worked, Defendant uses a timekeeping system called "TimeQey."  Upon information and belief, this system tracks CCAs' work activity throughout the work day, including the time when CCAs log into the system at the beginning of their scheduled shifts, the time they log into and out of the system for scheduled meal and rest breaks, and the time they log out of the system at the end of the work day.

3

17.     Defendant uses TimeQey to systematically underpay Plaintiff and other similarly situated CCAs for all of their hours worked.   Specifically, although Defendant track CCAs' hours worked, it does so inaccurately using TimeQey.

18.     During the CCAs' workday, Defendant's TimeQey system automatically logs CCAs out of the timekeeping system and fails to count that log out time as hours worked if the CCAs' computer is idle for two or more minutes regardless of whether the CCAs are actually performing compensable work.  For example, if a CCA is on a telephone call or waiting for calls to come in, steps away from his or her desk for a meeting or to speak with his or her supervisor or coworker, sends a fax, uses the restroom, or takes a rest break, TimeQey logs the CCA out, fails to count the time spent on these activities as compensable work time, labels the "idle" log out time as "Break" time, and refuses to properly pay for these hours worked.

19.     Under Minnesota law, the minimum wage must be paid for all hours worked. Hours worked include training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment or must remain on the premises until work is prepared or available.  Rest periods of less than 20 minutes may not be deducted from total hours worked. *See* Minn. R. 5200.0120.

20.     Plaintiff and the proposed Rule 23 Class were not paid for all of their hours worked because of Defendant's practice of logging CCAs out of the TimeQey system when their computers were idle for two or more minutes.

21.     In addition to this practice of improperly counting work hours as uncompensated "Break" time, Defendant also failed to pay Plaintiff and the proposed Rule 23 Class for the time

4

they spent on bona fide rest breaks.  Specifically, in addition to a bona fide 30 minute meal break, CCAs were typically permitted to take rest breaks during their shift.

22.     Defendant did not properly compensate Plaintiff and the Rule 23 Class for all of the time they spent on their rest breaks.

23.     Defendant operated under a scheme to deprive Plaintiff and proposed Rule 23 Class of compensation for all of their hours worked.

24.     For example, for the pay period beginning on May 16, 2014 and ending on May 31, 2014, and excluding time that Plaintiff spent on bona fide meal periods of at least 30 minutes, Plaintiff worked a total of approximately 85.22 hours.  Because of Defendant's timekeeping practices, Plaintiff was paid for only 79.14 hours.

25.     Defendant was aware that Plaintiff and the proposed Rule 23 Class were not paid for all of their work time because Defendant's own records reflect the periods of time it did not pay CCAs.

26.     Defendant's conduct alleged in this Complaint are willful and in bad faith. *See* Minn. Stat. § 547.07(5).

## CLASS ACTION ALLEGATIONS

27.     Plaintiff, individually and on behalf of all of the proposed Rule 23 Class members, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

28.     Plaintiff brings the claims in this Complaint, individually and as a class action pursuant to Rule 23.01 and 23.02 of the Minnesota Rules of Civil Procedure.  The proposed Rule 23 Class is defined as:

> All individuals employed by Defendant as contact center agents, customer care agents, collections agents, new business agent, student loans agents, sales agents,

5

or other similar job titles in Minnesota at any time within three years prior to the filing of this Complaint.

29.     The persons in the proposed Rule 23 Class are so numerous that joinder of all of the proposed Rule 23 Class members is impracticable.   While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed in excess of 400 individuals as CCAs in Minnesota during the applicable limitations period.  Plaintiff and the proposed Rule 23 Class have been similarly affected by Defendant's unlawful timekeeping practices and violations of law.

30.     There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

   a.  whether Defendant violated Minn. Stat. § 181.101;

   b.  whether Defendant failed to comply with the requirements of Minn. R. 5200.0120, sub. 1;

   c.  the proper measure of damages sustained by the proposed Rule 23 Class; and

   d.  whether Defendant should be enjoined from such violations in the future.

31.     Plaintiff's claims are typical of those of the proposed Rule 23 Class.  Plaintiff, like the other proposed Rule 23 Class members, were subjected to Defendant's unlawful timekeeping practices, resulting in its failure to compensate them for all of hours worked in violation of Minnesota law.  Plaintiff and the proposed Rule 23 Class have sustained similar injuries as a result of Defendant's actions.

32.     Plaintiff will fairly and adequately protect the interests of the Rule 23 Class, and have retained counsel experienced in complex wage and hour class action litigation.

6

33.     This action is properly maintainable as a class action under Minn. R. Civ. P. 23.02(a) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

34.     This action is properly maintainable as a class action under Minn. R. Civ. P. 23.02(b) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

35.     This action is properly maintainable as a class action under Minn. R. Civ. P. 23.02(c) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

36.     Plaintiff intends to send notice to the proposed Rule 23 Class to the extent required by Minn. R. Civ. P. 23.03.

## CAUSE OF ACTION

### COUNT I — VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT

*On Behalf of Plaintiff and the Proposed Rule 23 Class*

37.     Plaintiff, individually and on behalf of the proposed Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

7

38.     Plaintiff and the proposed Rule 23 Class were or are employees of Defendant within the meaning of Minn. Stat. § 177.23.

39.     Defendant was or is Plaintiff's and the proposed Rule 23 Class's employer within the Minn. Stat. § 177.23, Minn. Stat. § 177.24, and Minn. Stat. § 181.171(4).

40.     At all relevant times, on information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

41.     Defendant, pursuant to its policies and illegal timekeeping practices, refused and failed to pay the Plaintiff and the proposed Rule 23 Class for all of their compensable hours worked.

42.     Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals and requires the employer to pay a penalty in the amount of the employee's average daily earnings for up to 15 days if the employer does not make the payment within 10 days of demand.

43.     By failing to properly compensate Plaintiff and the proposed Rule 23 Class, Defendant violated, and continues to violate CCAs' statutory rights under Minn. Stat. § 181.101.

44.     Defendant also failed to meet the requirements of Minn. R. 5200.0120, sub. 1, in that it did not properly compensate Plaintiff and proposed Rule 23 Class members for all of their hours worked and unlawfully deducted from their hours worked time spent on rest breaks of less than twenty (20) minutes.

45.     Defendant's actions were willful and not the result of mistake or inadvertence. *See* Minn. Stat. 574.07(5).

8

46.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the proposed Rule 23 Class have suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Rule 23 Class, prays for relief as follows:

A.    Judgment against Defendant, finding it violated Minn. Stat. § 181.101 and Minn. R. 5200.0120, sub.1, by failing to pay Plaintiff and the proposed Rule 23 Class for all of their hours worked;

B.    Judgment against Defendant for an amount equal to Plaintiff and the proposed Rule 23 Class' unpaid wages;

C.    All costs and attorneys' fees incurred in prosecuting these claims;

D.    Leave to amend to add claims under applicable state laws;

E.    For class certification of the proposed Rule 23 Class and for designation of Plaintiff as a class representative and their counsel as class counsel;

F.    For judgment that the Defendant's conduct as described herein be determined and adjudicated to be in violation of the Minnesota Payment of Wages Act;

G.    For damages, and all available civil penalties, and prejudgment interest;

H.    That Plaintiff and the proposed Rule 23 Class be awarded all attorneys' fees, and all costs and disbursements incurred in the prosecution of this action;

I.    For all such other legal and equitable relief available pursuant to applicable law; and

J.    For all such further relief as the Court deems equitable and just.

Dated: 1/20/2015

NICHOLS KASTER, PLLP

/Rachhana T. Srey, MN Bar No. 340133
Tim C. Selander, MN Bar No. 0387016
4600 IDS Center
80 South Eighth Street

9

Minneapolis, MN 55402
Phone: (612) 256-3212
Fax:    (612) 338-4878
srey@nka.com
selander@nka.com

TESKE, MICKO, KATZ, KITZER & ROCHEL, PLLP

Douglas L, Micko, MN Bar No. 299364
Vildan Teske, MN Bar No. 241404
222 South 9th Street, Suite 3210
Minneapolis, MN 55402
Phone: (612) 746-1558
Fax: (651) 846-5339
micko@teskemicko.com
teske@teskemicko.com

ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED RULE 23 CLASS

10

**Acknowledgement**

I hereby acknowledge that, pursuant to Minn. Stat. § 549.211, subd. 3, sanctions may be

imposed by this Court if it determines that Minn. Stat. § 549.211, subd. 2, has been violated.

Dated: 1/20/2015

Timothy C. Selander, MN Bar No. 0387016

11

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
CASE TYPE: CIVIL

---

Paris Shoots, individually and
on behalf of the Proposed
Rule 23 Class,

Plaintiffs,

v.

iQor Holdings US Inc.,

Defendant.

Court File No.

**CLASS ACTION COMPLAINT
(JURY TRIAL DEMANDED)**

---

Plaintiff Paris Shoots ("Plaintiff"), individually and on behalf of the proposed Rule 23

Class, by and through his attorneys, Nichols Kaster, PLLP, and Teske, Micko, Katz, Kitzer &

Rochel, PLLP, brings this action for damages and other relief for Defendant's violations of

Minnesota state law.  Plaintiff states the following as his claims against Defendant:

## PRELIMINARY STATEMENT

1.      This case is about Defendant's intentional, systemic, and illegal use of a

timekeeping system that is designed to avoid paying employees for all of their hours worked.

2.      Defendant's failure to pay employees for all earned wages violates Minn. Stat. §

181.101.

3.      Plaintiff, individually, and on behalf of other current and former employees,

brings this proposed class action against Defendant on behalf of all individuals who have worked

for Defendant as contact center agents (also known as customer care agents, collections agents,

new business agents, student loans agents, or sales agents, or other similar job titles) (hereinafter

collectively "CCAs"), and at any time within three years prior to the filing of this Complaint.

27-CV-15-2065

Filed in Fourth Judicial District Court
2/9/2015 10:22:53 AM
Hennepin County Civil, MN

4.      This action is brought as a class action pursuant to Rule 23 of the Minnesota Rules of Civil Procedure, to remedy violations of Minnesota state law, specifically the Minnesota Payment of Wages Act, Minn. Stat. § 181.001, et seq., and the supporting regulations.

5.      Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of Plaintiff's and the proposed Rule 23 Class's rights.

## PARTIES

### Plaintiff

6.      Plaintiff Paris Shoots is an adult resident of the State of Minnesota.  Plaintiff was employed by Defendant as a CCA from approximately March 2013 to July 2014 at its contact center in Plymouth, Minnesota.

7.      Plaintiff and the proposed Rule 23 Class have been employed by Defendant within the three years prior to the filing of this lawsuit.

### Defendant

8.      Defendant iQor Holdings US, Inc. is a New York corporation that, according to its website, is "a global provider of business process outsourcing and product support services." Defendant also provides customer care outsourcing, business analytics software and services, BPO back-office services, accounts receivable management services, and aftermarket services. a

9.      Defendant employs approximately 32,000 workers in 17 countries.

10.     Defendant operates 25 contact centers throughout the United States, including a contact center in Plymouth, Minnesota.

2

Filed in Fourth Judicial District Court
2/9/2015 10:22:53 AM
Hennepin County Civil, MN

## JURISDICTION AND VENUE

11.     This action arises under the Minnesota Payment of Wages Act, Minn. Stat. § 181.001, et seq. and the supporting regulations.

12.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to Minn. Stat. § 484.01.

13.     Venue is proper pursuant to Minn. Stat. § 542.09, because the unlawful practices described hereinafter were committed in Hennepin County and Defendant resides or conducts business in Hennepin County.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

14.     Plaintiff and the proposed Rule 23 Class worked or work as CCAs for Defendant. As CCAs, Plaintiff and the proposed Rule 23 Class were or are responsible for receiving incoming calls and/or making outbound calls to and from customers of third party companies who contract with Defendant for its outsourcing services.   These services include but are not limited to collections, customer service, and inbound sales.

15.     Plaintiff and the proposed Rule 23 Class were paid hourly by Defendant.

16.     To track Plaintiff's and the proposed Rule 23 Class's hours worked, Defendant uses a timekeeping system called "TimeQey."   Upon information and belief, this system tracks CCAs' work activity throughout the work day, including the time when CCAs log into the system at the beginning of their scheduled shifts, the time they log into and out of the system for scheduled meal and rest breaks, and the time they log out of the system at the end of the work day.

3

Filed in Fourth Judicial District Court
2/9/2015 10:22:53 AM
Hennepin County Civil, MN

17.    Defendant uses TimeQey to systematically underpay Plaintiff and other similarly situated CCAs for all of their hours worked.  Specifically, although Defendant track CCAs' hours worked, it does so inaccurately using TimeQey.

18.    During the CCAs' workday, Defendant's TimeQey system automatically logs CCAs out of the timekeeping system and fails to count that log out time as hours worked if the CCAs' computer is idle for two or more minutes regardless of whether the CCAs are actually performing compensable work.  For example, if a CCA is on a telephone call or waiting for calls to come in, steps away from his or her desk for a meeting or to speak with his or her supervisor or coworker, sends a fax, uses the restroom, or takes a rest break, TimeQey logs the CCA out, fails to count the time spent on these activities as compensable work time, labels the "idle" log out time as "Break" time, and refuses to properly pay for these hours worked.

19.    Under Minnesota law, the minimum wage must be paid for all hours worked. Hours worked include training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment or must remain on the premises until work is prepared or available.  Rest periods of less than 20 minutes may not be deducted from total hours worked.  *See* Minn. R. 5200.0120.

20.    Plaintiff and the proposed Rule 23 Class were not paid for all of their hours worked because of Defendant's practice of logging CCAs out of the TimeQey system when their computers were idle for two or more minutes.

21.    In addition to this practice of improperly counting work hours as uncompensated "Break" time, Defendant also failed to pay Plaintiff and the proposed Rule 23 Class for the time

4

they spent on bona fide rest breaks. Specifically, in addition to a bona fide 30 minute meal break, CCAs were typically permitted to take rest breaks during their shift.

22.    Defendant did not properly compensate Plaintiff and the Rule 23 Class for all of the time they spent on their rest breaks.

23.    Defendant operated under a scheme to deprive Plaintiff and proposed Rule 23 Class of compensation for all of their hours worked.

24.    For example, for the pay period beginning on May 16, 2014 and ending on May 31, 2014, and excluding time that Plaintiff spent on bona fide meal periods of at least 30 minutes, Plaintiff worked a total of approximately 85.22 hours. Because of Defendant's timekeeping practices, Plaintiff was paid for only 79.14 hours.

25.    Defendant was aware that Plaintiff and the proposed Rule 23 Class were not paid for all of their work time because Defendant's own records reflect the periods of time it did not pay CCAs.

26.    Defendant's conduct alleged in this Complaint are willful and in bad faith. *See* Minn. Stat. § 547.07(5).

## CLASS ACTION ALLEGATIONS

27.    Plaintiff, individually and on behalf of all of the proposed Rule 23 Class members, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

28.    Plaintiff brings the claims in this Complaint, individually and as a class action pursuant to Rule 23.01 and 23.02 of the Minnesota Rules of Civil Procedure. The proposed Rule 23 Class is defined as:

All individuals employed by Defendant as contact center agents, customer care agents, collections agents, new business agent, student loans agents, sales agents,

5

Filed in Fourth Judicial District Court
2/9/2015 10:22:53 AM
Hennepin County Civil, MN

or other similar job titles in Minnesota at any time within three years prior to the filing of this Complaint.

29.     The persons in the proposed Rule 23 Class are so numerous that joinder of all of the proposed Rule 23 Class members is impracticable.   While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed in excess of 400 individuals as CCAs in Minnesota during the applicable limitations period.  Plaintiff and the proposed Rule 23 Class have been similarly affected by Defendant's unlawful timekeeping practices and violations of law.

30.     There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

    a.   whether Defendant violated Minn. Stat. § 181.101;

    b.   whether Defendant failed to comply with the requirements of Minn. R. 5200.0120, sub. 1;

    c.   the proper measure of damages sustained by the proposed Rule 23 Class; and

    d.   whether Defendant should be enjoined from such violations in the future.

31.     Plaintiff's claims are typical of those of the proposed Rule 23 Class.   Plaintiff, like the other proposed Rule 23 Class members, were subjected to Defendant's unlawful timekeeping practices, resulting in its failure to compensate them for all of hours worked in violation of Minnesota law.   Plaintiff and the proposed Rule 23 Class have sustained similar injuries as a result of Defendant's actions.

32.     Plaintiff will fairly and adequately protect the interests of the Rule 23 Class, and have retained counsel experienced in complex wage and hour class action litigation.

33.     This action is properly maintainable as a class action under Minn. R. Civ. P. 23.02(a) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

34.     This action is properly maintainable as a class action under Minn. R. Civ. P. 23.02(b) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

35.     This action is properly maintainable as a class action under Minn. R. Civ. P. 23.02(c) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

36.     Plaintiff intends to send notice to the proposed Rule 23 Class to the extent required by Minn. R. Civ. P. 23.03.

## CAUSE OF ACTION

## COUNT I — VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT

*On Behalf of Plaintiff and the Proposed Rule 23 Class*

37.     Plaintiff, individually and on behalf of the  proposed Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

7

38.     Plaintiff and the proposed Rule 23 Class were or are employees of Defendant within the meaning of Minn. Stat. § 177.23.

39.     Defendant was or is Plaintiff's and the proposed Rule 23 Class's employer within the Minn. Stat. § 177.23, Minn. Stat. § 177.24, and Minn. Stat. § 181.171(4).

40.     At all relevant times, on information and belief, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

41.     Defendant, pursuant to its policies and illegal timekeeping practices, refused and failed to pay the Plaintiff and the proposed Rule 23 Class for all of their compensable hours worked.

42.     Minn. Stat. § 181.101 requires every employer to pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals and requires the employer to pay a penalty in the amount of the employee's average daily earnings for up to 15 days if the employer does not make the payment within 10 days of demand.

43.     By failing to properly compensate Plaintiff and the proposed Rule 23 Class, Defendant violated, and continues to violate CCAs' statutory rights under Minn. Stat. § 181.101.

44.     Defendant also failed to meet the requirements of Minn. R. 5200.0120, sub. 1, in that it did not properly compensate Plaintiff and proposed Rule 23 Class members for all of their hours worked and unlawfully deducted from their hours worked time spent on rest breaks of less than twenty (20) minutes.

45.     Defendant's actions were willful and not the result of mistake or inadvertence. *See* Minn. Stat. 574.07(5).

8

46.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the proposed Rule 23 Class have suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Rule 23 Class, prays for relief as follows:

A.     Judgment against Defendant, finding it violated Minn. Stat. § 181.101 and Minn. R. 5200.0120, sub.1, by failing to pay Plaintiff and the proposed Rule 23 Class for all of their hours worked;

B.     Judgment against Defendant for an amount equal to Plaintiff and the proposed Rule 23 Class' unpaid wages;

C.     All costs and attorneys' fees incurred in prosecuting these claims;

D.     Leave to amend to add claims under applicable state laws;

E.     For class certification of the proposed Rule 23 Class and for designation of Plaintiff as a class representative and their counsel as class counsel;

F.     For judgment that the Defendant's conduct as described herein be determined and adjudicated to be in violation of the Minnesota Payment of Wages Act;

G.     For damages, and all available civil penalties, and prejudgment interest;

H.     That Plaintiff and the proposed Rule 23 Class be awarded all attorneys' fees, and all costs and disbursements incurred in the prosecution of this action;

I.     For all such other legal and equitable relief available pursuant to applicable law; and

J.     For all such further relief as the Court deems equitable and just.

Dated: 1/20/2015          NICHOLS KASTER, PLLP

/Rachhana T. Srey, MN Bar No. 340133
Tim C. Selander, MN Bar No. 0387016
4600 IDS Center
80 South Eighth Street

9

Filed in Fourth Judicial District Court
2/9/2015 10:22:53 AM
Hennepin County Civil, MN

Minneapolis, MN 55402
Phone: (612) 256-3212
Fax:    (612) 338-4878
srey@nka.com
selander@nka.com


TESKE, MICKO, KATZ, KITZER & ROCHEL, PLLP

Douglas L, Micko, MN Bar No. 299364
Vildan Teske, MN Bar No. 241404
222 South 9th Street, Suite 3210
Minneapolis, MN 55402
Phone: (612) 746-1558
Fax: (651) 846-5339
micko@teskemicko.com
teske@teskemicko.com


ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED RULE 23 CLASS

10

27-CV-15-2608                                          Filed in Fourth Judicial District Court
2/9/2015 10:22:53 AM
Hennepin County Civil, MN

### Acknowledgement

I hereby acknowledge that, pursuant to Minn. Stat. § 549.211, subd. 3, sanctions may be imposed by this Court if it determines that Minn. Stat. § 549.211, subd. 2, has been violated.

Dated: 1/20/2015

_____
Timothy C. Selander, MN Bar No. 0387016

11