UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Paris Shoots, Jonathan Bell, Maxwell, Turner, Tammy Hope, Phillipp Ostrovsky, Brenda Brandt and Anissa Sanders, on behalf of themselves, the Proposed Rule 23 Classes, and others similarly situated,** | Civil No. 15-CV-563 (SRN/SER) |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| v. | |
| **iQor Holdings US Inc.,** | |
| Defendant. | |

_____

Timothy C. Selander, Rachhana T. Srey, Carl F. Engstrom, Anna P. Prakash, Nichols Kaster, PLLP, 80 South Eighth Street, Suite 4600, Minneapolis, Minnesota 55402; Douglas L. Micko, Vildan A. Teske, and Brian T. Rochel, Teske Micko Katz Kitzer & Rochel, PLLP, 222 South Ninth Street, Suite 4050, Minneapolis, Minnesota 55402, for Plaintiffs

Brian T. Benkstein, Gina K. Janeiro, Jackson Lewis P.C., 225 South Sixth Street, Suite 3850, Minneapolis, Minnesota 55402; Robert James Lee, Shon Morgan, and Viola Trebicka, Quinn, Emanuel, Urquhart & Sullivan, LLP, 865 South Figueroa Street, Los Angeles, California 90017, for Defendant.

_____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Defendant iQor Holdings US Inc.'s Motion to Dismiss Plaintiffs' Claims Under the Fair Credit Reporting Act ("FCRA") [Doc. No. 150].) For the reasons set forth herein, Defendant's motion is denied.

1

**I.     BACKGROUND**

A detailed recitation of the facts of this case is found in the Court's Order of October 19, 2015 [Doc. No. 142], which is incorporated by reference.  The claims in this conditionally certified collective action relate to Plaintiffs' employment as call center workers for Defendant iQor Holdings US Inc. ("iQor").  In the Second Amended Class Action Complaint, Plaintiff Paris Shoots, on behalf of himself and a proposed FCRA class, alleges that iQor willfully violated the FCRA's stand-alone disclosure requirement. (SAC ¶¶ 312-14 [Doc. No. 121]) (citing 15 U.S.C. § 1681b(b)(2)).

The FCRA's stand-alone disclosure requirement provides that when an employer procures a consumer report concerning a prospective employee for employment purposes, the employer must first provide "(i) a clear and conspicuous disclosure . . . in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists <u>solely</u> of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).  Also, the consumer must authorize, in writing, the employer's procurement of the report.  <u>Id.</u> § 1681b(b)(2)(A)(ii).  This written authorization may be made on the same disclosure document provided by the employer.  <u>Id.</u>  As a condition of obtaining the consumer report, the employer must also certify to the consumer reporting agency that it has complied with the FCRA, including its stand-alone disclosure requirement.  <u>Id.</u> § 1681b(b)(1)(A)(i).  Statutory damages, attorney's fees and costs are available for willful noncompliance with these provisions of the FCRA, <u>id.</u> § 1681n(a), while actual damages,

attorney's fees and costs are available for negligent noncompliance.  Id. § 1681o(a).

Shoots alleges that iQor willfully violated the stand-alone requirement by obtaining consumer reports on Plaintiff and prospective class members without making the disclosure in the stand-alone form required by the FCRA.  (SAC ¶ 312 [Doc. No. 131].)

Defendant's FCRA Disclosure provides as follows:

**Applicant Disclosure, Authorization & Release**

As part of its employment process, I understand that as a condition for employment, iQor may obtain or have prepared a consumer investigative report that includes, but not [sic] limited to, my creditworthiness, employment, education, social security number verification, address history, criminal and civil history, personal and professional interviews, driving histories, professional licensing, public records or information obtained from governmental or law enforcement agencies, and any other information bearing on my character, general reputation, personal characteristics, qualifications and skills.

I understand that upon written request, I will be informed whether a consumer investigative report was requested, and given full information as to the nature and scope of such investigation.

By signing below, I hereby authorize and consent to the procurement of such a report.  If employed, I further authorize the above-named company to obtain additional consumer investigative reports on me for employment retention and/or promotional purposes as this release will remain in effect throughout the term of employment.

I hereby authorize iQor and First Advantage, a Consumer Reporting Agency, to retrieve information from all prior employers, educational institutions, personal references, credit reporting agencies, or government and law enforcement agencies (collectively the Sources).  I hereby authorize the Sources to <u>supply to the Consumer Reporting Agencies and any prospective employer</u> <u>any and all information concerning my background</u>, and <u>release the Agencies, the Sources and any prospective or</u>

> actual employer from any liability or responsibility in connection with the disclosure, communication and use of the information described herein.
>
> I certify that all information I have provided in the employment application and/or resume is accurate and complete to the best of my knowledge. I understand that any false statement or misrepresentation of the information I have provided on my resume or application will be grounds for rejection of my application or termination of my employment. By signing below, I acknowledge that I have been provided with A Summary of My Rights under the Fair Credit Reporting Act.
>
> A photocopy of this authorization shall constitute the same authority and release as the electronic signature, and if employed by the above-named company, this release will remain in effect throughout the term of such employment.

(Def.'s FCRA Disclosure, Ex. 1 to SAC [Doc. No. 121-1 at 2-3]) (emphasis added).

Shoots asserts that iQor violated the FCRA by impermissibly including extraneous information. (SAC ¶ 91 [Doc. No. 121].) Specifically, Shoots points to the following: (1) overly broad disclosure to "any prospective employer" of "any and all information concerning my background;" (2) a waiver of liability; (3) miscellaneous extraneous statements concerning the accuracy of the information, the consequences for providing a false statement, and the effect of a photocopy. (Id. ¶¶ 92-97.)

Shoots further alleges that iQor "acted willfully and in knowing or reckless disregard of its obligations and the rights of Plaintiff and the other class members." (Id. ¶ 313.) He identifies the following as evidence of iQor's willful conduct: (1) iQor violated a clear statutory mandate in 15 U.S.C. § 1681b(b)(2) and iQor certified that it would comply with the statute; (2) iQor has had over 40 years to become compliant, based on the 1970 enactment date of the statute; (3) iQor's conduct is inconsistent with the

longstanding regulatory guidance, judicial interpretation, and plain language of the statute; (4) iQor repeatedly uses the same documents with all of its employees for whom it obtained consumer reports; (5) despite the clear statutory language, iQor failed to provide a stand-alone disclosure; (6) through its actions, iQor voluntarily ran a substantially greater risk of violating the law than if its actions were merely careless. (Id.)

Defendant moves to dismiss Shoots' FCRA claim under Federal Rule of Civil Procedure 12(b)(6), arguing that because the challenged language is permitted by the FCRA, Plaintiff fails to state a claim for which relief can be granted. (Def.'s Mem. Supp. Mot. to Dismiss at 4 [Doc. No. 152].) Specifically, iQor contends that Shoots lacks any actual damages and thus must show that iQor willfully violated the FCRA, which Plaintiff has failed to do because he has not and cannot allege that iQor's conduct was "objectively unreasonable." (Id.) Rather, iQor contends that its conduct was statutorily permissible. (Id. at 6-7.) As a result, Defendant argues that Shoots fails to state a claim upon which relief can be granted and his claim should be dismissed. (Id.)

## II.   DISCUSSION

### A.   Standard of Review

As noted, Defendant seeks to dismiss Shoots' FCRA claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v.

Becker, 793 F.2d 185, 187 (8th Cir. 1986).  However, the Court need not accept as true wholly conclusory allegations, Hanten v. School District of Riverview Gardens, 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions Plaintiff draws from the facts pled, Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss.  See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).   Here, the Court considers the Allegations Contained in the Second Amended Complaint [Doc. No. 121] and iQor's FCRA Disclosure, which is attached as Exhibit 1 to the Second Amended Complaint [Doc. No. 121-1].

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.  However, at the pleading stage, the plausibility requirements of Iqbal and Twombly do not require "some general and formal level of evidentiary

proof."  Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012).

    **B.**    **FCRA**

As noted, the FCRA requires employers to provide a stand-alone notice to prospective employees prior to obtaining credit reports on prospective hires.  15 U.S.C. § 1681b(b)(2).  The disclosure must be "in a document that consists solely of the disclosure[ ] that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i).  When faced with a similar motion to dismiss, the court in Robrinzine v. Big Lots Stores, Inc., __ F. Supp. 3d __, 2016 WL 212957, at * 5 (N.D. Ill. Jan. 19, 2016), held that the plain language of the FCRA – specifically, the word "solely" – required the employer to provide notice consisting "only" of the disclosure, "to the exclusion of all else."  (quoting "Solely" Definition, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/solely).  Based on the plain language of the statute, the Court finds that Shoots has sufficiently stated a claim that iQor's FCRA Disclosure included extraneous information, in violation of the stand-alone disclosure requirement.  (See SAC ¶¶ 78, 88-109 [Doc. No. 121].)  As Shoots notes, iQor's FCRA Disclosure goes beyond providing the required notice.  Instead, iQor's notice obtains authorization to supply to "any prospective employer any and all information concerning [the prospective employee's] background" and includes a liability waiver in connection with the disclosure of any such information.  (FCRA Disclosure, Ex. 1 to SAC at 2 [Doc. No. 121-1]; SAC ¶¶ 92-97 [Doc. No. 121].)  It also contains other statements concerning the accuracy of the information, the consequences for providing a false statement, and the

effect of a photocopy. (Id.) Numerous courts, including at least one district court within the Eighth Circuit, addressing pleadings that similarly allege the inclusion of extraneous information in violation of the FCRA's stand-alone requirement, have found such pleadings sufficient to withstand a motion to dismiss. See, e.g., Robrinzine, 2016 WL 212957, at * 5 (concluding that the prospective employee sufficiently alleged failure to provide the required disclosure); Lengel v. HomeAdvisor, Inc., 102 F. Supp. 3d 1202, 1211 (D. Kan. 2015) (finding that the plaintiff stated a plausible claim where complaint alleged that disclosure included extraneous information and a liability release); Woods v. Caremark PHC, LLC, No. 4:15-CV-00535-SRB, 2015 WL 6742124, at *2 (W.D. Mo. Nov. 2, 2015) ("Where FCRA allegations involve the inclusion of extraneous information beyond an authorization, the complaint meets the 12(b)(6) standard . . . ."); Speer v. Whole Food Market Group, Inc., No. 8:14-CV-3035-T-26TBM, 2015 WL 1456981, at *3 (M.D. Fla. Mar. 30, 2015) ("Based on the allegations, with all inferences drawn in favor of Plaintiff, if both the disclosure and the consent forms combined and read as one document with the waiver and release included simultaneously with the disclosure, the complaint states a claim for relief."); Avila v. NOW Health Group, Inc., No. 14 C 1551, 2014 WL 3537825, at * 2 (N.D. Ill. July 17, 2014) (holding that plaintiff stated a claim for violation of the stand-alone disclosure requirement of the FCRA by including information beyond the disclosure).

  While courts are split on the question of whether a waiver provision may be included in a FCRA disclosure without violating the law, see Syed v. M–I LLC, Civ. No.

1:14–742 WBS BAM, 2014 WL 4344746, at *3 (E.D. Cal. August 28, 2014) (discussing conflicting rulings), here, Shoots contends that iQor violated the FCRA by including more than just a waiver provision in its notice. Miller v. Quest Diagnostics, 85 F. Supp. 3d 1058, 1060 (W.D. Mo. 2015) (denying a motion to dismiss where the plaintiffs' complaint alleged a violation of the stand-alone disclosure requirement based on inclusion of more than a simple waiver; the disclosure included additional information, administrative sections, and a waiver).  In addition to the waiver, Shoots alleges that iQor included broad language regarding disclosure of the information, the accuracy of the information, the consequences for providing a false statement, and the effect of a photocopy.  (SAC ¶¶ 92-97 [Doc. No. 121].)  For all of these reasons, the Court finds that Plaintiff has sufficiently pleaded a violation of the FCRA based on extraneous information in iQor's FCRA Disclosure.

Defendant also asserts that Shoots fails to sufficiently allege that iQor acted willfully, which Shoots is required to do because he does not allege actual damages. (Def.'s Mem. Supp. Mot. to Dismiss at 5-6 [Doc. No. 152].)  Shoots instead seeks statutory damages (see SAC ¶ 109; at 75-76 [Doc. No. 121]), which are available for willful violations of the FCRA under 15 U.S.C. § 1681n.  As Defendant notes, for a violation of the FCRA to be "willful," albeit under a different provision of the FCRA using that term, the defendant must either knowingly or recklessly violate the law. Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57 (2007).  As to recklessness, the Supreme Court held in Safeco that a defendant does not act in reckless disregard of the FCRA

"unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69.  To survive a motion to dismiss, Plaintiff must therefore adequately plead his employer's willfulness.  Miller, 85 F. Supp. 3d at 1060 (citing Miller-Huggins v. SpaClinic, LLC, No. 09-C-2677, 2010 WL 963924, at *2 (N.D. Ill. March 11, 2010)).  "[A]ssertions that [Defendant] was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal." Id. (quoting Singleton v. Domino's Pizza, LLC, Civ. Act. No. DKC 11–1823, 2012 WL 245965, at *4 (D. Md. January 25, 2012)).

Shoots alleges that iQor acted willfully, in knowing or reckless disregard of its obligation to provide a stand-alone disclosure (SAC ¶ 313 [Doc. No. 121]), as evidenced by iQor's knowing decision to attempt to provide a disclosure and to attempt to include a liability release in the disclosure.  (Id. ¶ 101.)  Shoots further alleges knowing disregard by asserting that after iQor failed to provide the required stand-alone disclosure, it then "also deviated from a legally binding certification it provided to its consumer reporting agencies." (Id. ¶ 102.)  As to reckless disregard, Defendant argues that Plaintiff has not alleged that iQor's conduct was objectively unreasonable.  (Def.'s Mem. Supp. Mot. to Dismiss at 4 [Doc. No. 152].)  Shoots, however, alleges that the statutory language is "pellucid," or clear, and by including extraneous information in its FCRA Disclosure, iQor "voluntarily ran the risk of violating the law substantially greater than the risk

10

associated with a reading [of the FCRA] that was merely careless," (id. ¶ 313(d)-(e)), tracking the language of Safeco.  In any event, willful violations of the FCRA include knowing and reckless violations, Safeco, 551 U.S. at 57, and Shoots has sufficiently alleged a knowing violation of the FCRA.

Accordingly, at this stage of the litigation, and under the motion to dismiss standard of review, the Court finds that Shoots' pleading sufficiently states a claim upon which relief can be granted.  For all of these reasons, Defendant's motion to dismiss is therefore denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendant iQor Holdings US Inc.'s Motion to Dismiss Plaintiffs' Claims Under the Fair Credit Reporting Act ("FCRA") [Doc. No. 150]) is **DENIED**.

Dated:   April 29, 2016

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge

11