# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Paris Shoots, Jonathan Bell, Maxwell Turner, Tammy Hope, Phillipp Ostrovsky, Brenda Brandt, Anissa Sanders, Najai McCutcheon, and Michael Chavez, on behalf of themselves, the Proposed Rule 23 Classes, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>iQor Holdings US Inc.,<br><br>Defendant. | Case No. 15-cv-563 (SRN/SER)<br><br>**MEMORANDUM OPINION AND ORDER** |

Carl F. Engstrom, Rachhana T. Srey, and Robert L. Schug, Nichols Kaster, PLLP, 80 South Eighth Street, Suite 4600, Minneapolis, Minnesota 55402, Brian T. Rochel, Douglas L. Micko, Marisa C. Katz, and Vildan A. Teske, Teske Micko Katz Kitzer & Rochel, PLLP, 222 South Ninth Street, Suite 4050, Minneapolis, Minnesota 55402, for Plaintiffs.

Brian T. Benkstein, Charles McNeill Elmer, Elizabeth S. Gerling, and Gina K. Janeiro, Jackson Lewis P.C., 150 South Fifth Street, Suite 3500, Minneapolis, Minnesota 55402, Robert James Lee, Shon Morgan, and Viola Trebicka, Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, Los Angeles, California 90017, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Certify Interlocutory

Appeal [Doc. No. 440]. For the reasons set forth herein, Defendant's Motion is denied.

## II.     BACKGROUND

The factual and procedural background of this matter is well documented in the prior rulings of this Court and only briefly summarized here.

### A.     Factual Background

Plaintiffs are all current or former employees of iQor, for which they worked as call center workers, or "contact center agents" ("CCAs").   They filed this putative collective action/class action alleging violations of the Fair Labor Standards Act ("FLSA") and several states' laws stemming from iQor's use of a timekeeping system called TimeQey.  Plaintiffs assert that the TimeQey system underreported their hours by taking them off the clock after two minutes of computer inactivity, not compensating them for log-in time, and creating time gaps.  Defendant denies any violations.

### B.     Procedural Background

In October 2015, the Court granted Plaintiffs' motion for conditional FLSA certification.  (See Oct. 19, 2015 Order at 41–49 [Doc. No. 142].)  Specifically, the Court certified a collective action for current or former iQor CCAs who used TimeQey for timekeeping purposes during the three years prior to the commencement of the action, and who worked more than 40 hours during any workweek in that period. (Id. at 53–54, 63.)   Approximately 3,500 people opted into the FLSA collective action.   (Decl. of Robert L. Schug in Supp. of Pls.' Mot. for Class Certification Pursuant to Fed. R. Civ. P. 23,¶ 2 [Doc. No. 363].)

In August 2017, iQor moved to decertify the FLSA collective and Plaintiffs moved for class certification under Federal Rule of Civil Procedure 23.  On March 27, 2018, the Court granted in part, and denied in part, iQor's FLSA decertification motion, and denied Plaintiffs' Rule 23 motion.  (See Mar. 27, 2018 Order at 1–2 [Doc. No. 430].)  Specifically relevant here, the Court denied iQor's motion as it related to claims for unpaid breaks of 20 minutes or less.  (See id. at 50–55, 60–61.)

Shortly after the Court issued its ruling, Plaintiffs sought a 60-day stay of the Order's effective date.  (See Pls.' Letter Request at 1–2 [Doc. No. 431].)  They explained that a stay would give the FLSA opt-in Plaintiffs and putative Rule 23 class members an opportunity to evaluate their respective legal options in light of the Court's ruling.  (See id.)  The Court granted the request and proceedings are currently stayed for 60 days from the date of the Court's March 27 Order.  (See Apr. 4, 2018 Order at 2 [Doc. No. 435].)

On April 11, 2018, iQor filed the instant motion.  It asks this Court to certify the following question to the Eighth Circuit Court of Appeals on an interlocutory basis:

> Are employee rest breaks of 20 minutes or less governed by: (1) the predominantly-for-the-benefit-of-the-employer test, which looks at the purpose of the break to determine compensability; or (2) the bright-line rule in Department of Labor regulation 29 C.F.R. § 785.18, which presumes compensability for such breaks?

(Def.'s Mem. Supp. Mot. to Certify ("Def.'s Mem.") at 1 [Doc. No. 442].)  Defendant argues that an interlocutory appeal is appropriate because the applicable standard for the payment of short rest breaks is a controlling question of law, there are substantial grounds

for a difference of opinion on the issue, and an appeal would materially advance the ultimate termination of this litigation.  (See Def.'s Mem. at 1–2, 3–7.)  Plaintiffs oppose the motion.  They argue that this is not one of the rare circumstances warranting an interlocutory appeal and that an an immediate appeal would instead unnecessarily delay the litigation.  (Pls.' Opp'n Mem. at 3–9 [Doc. No. 445].)

## III.   DISCUSSION

### A.    Legal Standard for Interlocutory Appeals

The Court's March 27, 2018 ruling was a non-final order.  Accordingly, 28 U.S.C. § 1292 governs whether it is subject to interlocutory appeal.  This statute allows a district judge to certify a non-final order for interlocutory appeal under the following circumstances: (1) the order involves a controlling question of law; (2) there exist substantial grounds for difference of opinion on that question; and (3) the immediate appeal of the order would advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  Interlocutory appeals are the exception, however, not the rule.  Johnson v. Jones, 515 U.S. 304, 309 (1995).

> An interlocutory appeal can make it more difficult for trial judges to do their basic job—supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary.

Id.  Interlocutory appeals are only appropriate in "extraordinary cases" where an appeal might avoid prolonged and expensive litigation.  Union Cty., Iowa v. Piper Jaffray & Co.,

4

525 F.3d 643, 646 (8th Cir. 2008).  They are "not intended merely to provide review of difficult rulings in hard cases."  Id. (quoting United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)). The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

### B.   Controlling Question of Law

Defendant asserts that a controlling question of law is present here:  whether compensation for breaks of 20 minutes or less is determined by the bright-line standard of 29 C.F.R. § 785.18 or the "predominantly-for-the-benefit-of-the-employer" standard (hereafter, "predominant-benefit standard").  (Def.'s Mem. at 3.)   Plaintiffs do not appear to contest that iQor satisfies this certification factor.

An issue is a controlling question of law if reversal of the district court's order would terminate the action, or is "quite likely" to influence the course of the litigation. Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., No. 10-cv-4948 (JRT/TNL), 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015) (quoting Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) and Sokaogon Gaming Enter. Corp. v. Tushie–Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996)).

As the Court observed in the March 27, 2018 Order, Department of Labor ("DOL") regulations address the compensability of various types of employee breaks under the FLSA, including "rest periods of short duration"—running from five to approximately 20 minutes—that are compensable, as they "promote the efficiency of the

employee." (Mar. 27, 2018 Order at 48–49) (citing 29 U.S.C. § 785.18). The Court noted that "[a] bright-line rule either applies to the short breaks, in which case the FLSA Plaintiffs are similarly situated, or it does not, making the employees less likely to be similarly situated, as individual issues may inform liability." (Id. at 51.) The Court applied the bright-line test, but had it ruled to the contrary and applied the predominant-benefit test, such a ruling would have been "quite likely" to influence the course of the litigation. See Nat'l Union Fire Ins. Co., No. 10-cv-4948 (JRT/TNL), 2015 WL 4898662, at *2 (citation omitted). Accordingly, the Court finds that the March 27, 2018 Order addresses a controlling question of law.

### C.   Substantial Grounds for Differences of Opinion

Defendant argues that conflicting and contradictory opinions on the legal standard applicable to short breaks, and a lack of Eighth Circuit authority, demonstrate substantial grounds for difference of opinion. (Def.'s Mem. at 4.)

Substantial grounds for a difference of opinion can exist where "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions," or if the question is one of first impression. Graham v. Hubbs Mach. & Mfg., Inc., 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014), reconsideration denied (Sept. 29, 2014) (quotations omitted). A "sufficient number of conflicting opinions" may evidence substantial grounds for disagreement. White, 43 F.3d at 378. And while a dearth of cases on a particular issue does not necessarily indicate there are substantial grounds for different opinions, id., a

lack of such guidance may prompt a court to grant certification. See Gopher Oil Co., Inc. v. Union Oil Co. of Cal., 757 F. Supp. 998, 1004 (D. Minn. 1991). A party's own "strong disagreement with the [district court's] ruling," however, is not substantial grounds for claiming a difference of opinion. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

In the March 27, 2018 Order, this Court acknowledged a lack of Eighth Circuit precedent concerning the standard applicable to alleged FLSA violations for short rest breaks. (See Mar. 27, 2018 Order at 50.) The Court declined to broadly read Henson v. Pulaski Cnty. Sheriff Dep't, 6 F.3d 531, 535 (8th Cir. 1993), to stand for the proposition that a factually-driven analysis is required for all determinations of compensable break time under the FLSA. (Mar. 27, 2018 Order at 51–52.) Rather, the Court found Henson's holding limited to meal-period compensation cases, as the Eighth Circuit expressly stated, "We conclude that the predominantly-for-the-benefit-of-the employer standard provides the appropriate test for determining the compensability of meal periods under the FLSA." (Id. at 52) (citing Henson, 6 F.3d at 534) (emphasis added).

Additionally, the Court recognized other district court authority within the Eighth Circuit that either applied § 785.18 to short breaks of less than 20 minutes, without analysis, (id. at 50–51) (citing Petrone v. Werner Enter., Inc., 121 F. Supp. 3d 860, 866 (D. Neb. 2015); Brown v. L&P Indus., LLC, No. 5:04-CV-0379-JLH, 2005 WL 3503637, at *6 (E.D. Ark. Dec. 21, 2005)), or, on the other hand, expanded the holding of Henson to conclude that the DOL's regulations are not controlling law in this Circuit and

that the predominant-benefit test applies to all FLSA compensation questions.  (Id. at 51–52) (discussing Benton v. Labels Direct, Inc., No. 4:14CV01293 ERW, 2014 WL 4724696, at *7 (E.D. Mo. Sept. 23, 2014); Marti v. Grey Eagle Distrib., Inc., 937 F. Supp. 845, 852 (E.D. Mo. 1996)).

In its Order, the Court also considered the weight that courts are to afford agency rules and regulations.  (Id. at 52–53)  It distinguished Henson, in which one of the reasons for not applying the DOL's lunch-break regulatory standard was that the DOL itself had inconsistently applied it.  (Id.) (citing Henson, 6 F.3d at 535).  Here, however, the DOL has consistently interpreted the relevant standard, § 785.18, as the Court noted. (Id.) (citing Dep't of Labor v. Am. Future Sys., Inc., 873 F.3d 420, 427–28 (3d Cir. 2017), petition for cert. filed, No. 17-995 (Jan. 18, 2018)).  Moreover, in Henson, 6 F.3d at 535, the Eighth Circuit found that applying a bright-line standard would be inconsistent with Supreme Court authority concerning meal breaks.   The breaks here are not meal breaks.

Additionally, this Court considered the validity of the DOL's reasoning with respect to the compensability of short breaks.  (Mar. 27, 2018 Order at 53.)  The Court agreed with the reasoning of the Third Circuit in American Future Systems, in which it explained that compensation for short rest breaks is consistent with FLSA's legislative objective of maintaining employees' health, efficiency, and general well-being.  (Id.) (citing Am. Future Sys., 873 F.3d at 428).

8

With respect to the instant motion, the Court does not find that substantial grounds for a difference of opinion are present. It is true that in the March 27, 2018 Order, this Court recognized that district courts within this Circuit have reached differing results with respect to § 785.18. (See Mar. 27, 2018 Order at 50.) But those different results largely turned on different questions of fact, as the Court's ruling made clear. (See id. at 55.) Benton involved a dispute about the very nature of the breaks in question—whether they were rest breaks or bona fide meal breaks. (Id. at 50) (citing 2014 WL 4724696, at *1, 7). And the breaks at issue in Marti were 30-minute breaks, not breaks of 20 minutes or less. (Id. at 55–56) (citing 937 F. Supp. at 848, 852). Yet even so, the court in Marti observed, "[t]he Secretary of Labor has recognized that breaks of short duration, five (5) to twenty (20) minutes, are generally viewed as 'rest periods' and are compensable." 937 F. Supp. at 851. Moreover, the two cases in which the district courts applied the bright-line standard, Brown and Petrone, included the same issue present here: the compensability of breaks of 20 minutes or less. See Brown, 2005 WL 3503637, at *6; Petrone, 121 F. Supp. 3d at 870. The facts of Benton and Marti, as compared to Petrone and Brown, are simply too distinguishable to support a finding of substantial grounds for a difference of opinion.

Nor is the Court persuaded that a lack of Eighth Circuit precedent warrants certification for interlocutory review here. In Petrone, the Eighth Circuit actually considered whether to permit a petition for interlocutory appeal of the district court's dispositive rulings—including its ruling that short rest breaks of 20 minutes or less are

9

compensable under § 785.18.[1]  <u>See</u> <u>Petrone</u>, 2015 WL 5156869, at *2 (D. Neb. Aug. 25, 2015).   But the Eighth Circuit summarily denied the employer's petition to file an interlocutory appeal, and remanded the matter to the district court.[2]  <u>See</u> <u>Petrone</u>, No. 15-8015 (8th Cir. Sept. 25, 2015).   This Court has no reason to believe that the Eighth Circuit would rule differently now, given the applicability of one of the very same regulations here.

In sum, the Court finds that iQor has not met its burden of establishing the existence of substantial grounds for difference of opinion.

### D.       Materially Advance the Ultimate Termination of the Litigation

Defendant contends that an interlocutory appeal would materially advance the ultimate termination of this case because if the predominant benefit test applies, this action would likely be decertified, leaving only the named Plaintiffs' individual claims. (Def.'s Mem. at 6.)      If only those claims remain, iQor believes that resolution via settlement is "much more likely."   (<u>Id.</u>)   Additionally, iQor argues that any delay due to an interlocutory appeal would "be reduced by the fact that the Court has already granted a 60-day stay of the effective date of its Order, at plaintiffs' request."   (<u>Id.</u>)  But if an

---

[1]      The district court had certified interlocutory review of its summary judgment rulings, citing the lack of Eighth Circuit precedent on the issues addressed therein.  <u>See</u> <u>Petrone</u>, 2015 WL 5156869, at *2 (D. Neb. Aug. 25, 2015).

[2]      On remand, the employer moved the court to revise its judgment.  Because the employer did not specifically seek reconsideration of the court's dispositive ruling that short rest breaks of 20 minutes or less were compensable, the district court declined to revise its earlier conclusion.  <u>Petrone,</u> No. 8:11cv401, 2017 WL 510884, at * 5 (D. Neb. Feb. 2, 2017).  And, in any event, the district court reiterated that short rest periods of 20 minutes or less must be counted as hours worked pursuant to § 785.18.  <u>Id.</u>

interlocutory appeal is not granted, and the case proceeds to trial using the bright-line rule, iQor argues that the Court and the parties may be required to hold two trials, if the Eighth Circuit were to later find that the predominant-benefit standard should have been applied.  (Id. at 6.)

When considering whether an interlocutory appeal would materially advance the termination of the litigation, "the Court must balance the burden certification would impose on many entities, including the district court and court of appeals."  Nat'l Union Fire Ins. Co., 2015 WL 4898662 at *4.  Moreover, an interlocutory appeal should not be had where it would do no more to advance termination of the case than simply proceeding with the litigation.  Hartley v. Suburban Radiologic Consultants, Ltd., No. 11-cv-2664 (JRT/JJG), 2013 WL 6511847, at *2 (D. Minn. Dec. 12, 2013).  The potentially deleterious impact, both in delay and expense, if the district court's ruling is upheld on interlocutory appeal cannot be ignored.  Id. at *3; see also Ray v. Union Pac. RR. Co., 971 F. Supp. 2d 869, 896 (S.D. Iowa 2013) ("Defendant is correct that if this Court certifies the matter, and if the Eighth Circuit agrees with Defendant's position . . . this litigation will end.  The Court cannot, however, ignore the reasonable likelihood of an alternate outcome, namely that the Court of Appeals would affirm this Court's ruling . . . .  Indeed, if this latter scenario comes to fruition, the litigation in this matter will have been dramatically and unnecessarily prolonged, at significant expense to both parties, by an interlocutory appeal." (emphasis original) (internal quotations omitted)).

While iQor's argument that an interlocutory appeal would materially advance the termination of this litigation has some merit, it concedes that the named Plaintiffs' individual claims would still remain.  Defendant argues that this scenario would likely spur settlement, but the Court finds this prospect speculative.  The fact that the Eighth Circuit might overturn this Court's decisions on appeal is no different than the legal reality facing any litigant—there is always some risk that a decision or award from a lower court will, or will not, be overturned on appeal.  The parties here must weigh their chances at trial, but also on appeal, in deciding whether or not to settle and for what amount.

More importantly, the considerable delay and expense for all parties and courts created by an interlocutory appeal weighs heavily against granting certification.  See Nat'l Union Fire Ins. Co., 2015 WL 4898662 at *4.   If this Court's rulings are upheld "the litigation in this matter will have been dramatically and unnecessarily prolonged, at significant expense to both parties, by an interlocutory appeal."  See Ray, 971 F. Supp. 2d at 896 (denying certification for interlocutory appeal).   The fact that Plaintiffs requested a 60-day stay primarily for administrative purposes does not in any way lessen the significant impact of delay were this Court to certify an interlocutory appeal.   For all of these reasons, the Court finds that certification of an interlocutory appeal would not materially advance this litigation.

III.    **CONCLUSION**

The Court finds that iQor fails to meet its heavy burden of demonstrating that the issue it seeks to certify is so extraordinary that an interlocutory appeal is warranted.  See White, 43 F.3d at 376.  It will have the opportunity to challenge the Court's rulings on appeal after final judgment is rendered.  However, an interlocutory appeal on these issues would only serve to delay the proceedings and presents the risk of creating piecemeal, incomplete, and potentially unnecessary appeals.  See Johnson, 515 U.S. at 309.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Defendant's Motion to Certify Interlocutory Appeal [Doc. No. 440] is **DENIED**.


Dated: May 25, 2018                    s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge

13