## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Paris Shoots, Jonathan Bell, Maxwell
Turner, Tammy Hope, Phillipp
Ostrovsky, Brenda Brandt, Anissa
Sanders, Najai McCutcheon,
and Michael Chavez, on behalf of
themselves, the Proposed Rule 23 Classes,
and others similarly situated,

               Plaintiffs,

v.

iQor Holdings US Inc.,

               Defendant.

Court File No. 0:15-cv-00563-SRN-SER

---

### DECLARATION OF RACHHANA T. SREY IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

1.      My name is Rachhana T. Srey. I am one of the attorneys representing the Plaintiffs in this matter. I make this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Settlement Approval. I am over the age of eighteen and competent to testify about the matters set forth below.

2.      During the conditional certification notice period, a total of 3,545 workers filed consent forms to join the action pursuant to 29 U.S.C. § 216(b).

3.      After the notice period, the Parties engaged in extensive discovery from June 2016 through July 2017, which allowed both Parties to evaluate the strengths and weakness of the claims and defenses at issue in this case. Plaintiffs deposed Defendant's

Rule 30(b)(6) designee and multiple executives, interviewed many of the Opt-In

Plaintiffs, and obtained tens of thousands of pages of documents from Defendant.

Defendant deposed multiple Plaintiffs and served discovery on 100 Opt-in Plaintiffs.

Both Parties analyzed Defendant's payroll and time data to determine potential damages,

and engaged expert witnesses to assist with the analysis.

### THE SETTLEMENT AGREEMENT AND ALLOCATION METHODOLOGY

4.      On July 9, 2018, after extensive negotiations, the Parties reached an

agreement to resolve the case, and signed a Memorandum of Understanding. The Parties

finalized the Settlement Agreement on October 17, 2018, attached as **Exhibit 1**.

5.      The Parties' settlement was the product of extensive arm's-length

negotiations aided by well-respected neutrals.  The Parties participated in multiple

mediation sessions. Early on, on May 19, 2016, the Parties attended a mediation session

with mediator Michael E. Dickstein in New York, New York. Near the close of

discovery, the Parties agreed to a second mediation session. The Parties engaged

mediator Joan S. Morrow and scheduled a mediation session to take place on May 31,

2017 in Reston, Virginia. After pre-mediation discussions, the Parties decided to

postpone the session. Later, following oral argument on the motions for class certification

and decertification, the Parties again agreed to a session with Ms. Morrow on December

19, 2017, in Richmond, Virginia. Although a settlement was not reached at that time, the

Parties subsequently reached an agreement through a series of follow-up discussions

between me and counsel for iQor.

6.      Under the Settlement Agreement, we have calculated that the preliminary

Net Allocation Fund will be no less than $4,850,333. To determine each Settlement Class

Member's *pro rata* settlement allocation, my office performed a detailed and

comprehensive damages analysis based on individualized time and payroll records that

were produced by Defendant for each Settlement Class Member. For each Settlement

Class Member, the analysis calculated damages based on: (1) the number of eligible

weeks within the applicable statutory period(s) that the Settlement Class Member worked

as a Contact Center Agent; (2) the Settlement Class Member's individual payroll and

timekeeping records provided by Defendant; (3) an analysis of each individual's weekly

hours worked; (4) the available remedies for each Settlement Class member under the

FLSA and/or the applicable laws of the state in which they worked, as outlined in the

Fourth Amended Complaint (ECF No. 336) and the Expert Report of Dwight Steward,

Ph.D. (ECF 363-15); and (5) a weighting of each Settlement Class Member's federal and

state claims based upon risk of loss on the merits and the class certification risk of the

relevant state law claims. Specifically, the federal and state claims were weighted as

follows: (1) increments of unpaid time greater than 20 minutes were discounted by 75%;

and (2) state law claims were discounted by 66.66%. In addition, the following factual

assumptions were used for purposes of the allocation: (1) lunch breaks were the longest

recorded break between 30 minutes and 1 hour; (2) if daily recorded paid hours exceeded

16 hours, the value was set to 8 hours; and (3) unpaid ours were capped at 4 hours per

day.

7.     From the above analysis, my office calculated an individual *pro rata*

percentage for each Settlement Class Member, and then applied that percentage to the

Net Allocation Fund to determine each Settlement Class Member's individual settlement offer.  A minimum allocation floor of $50.00 per Settlement Class Member was set. The maximum allocation is currently $6,864.44 and the average allocation is $291.86.

8.     Under Plaintiffs' analysis, the classes stood to recover approximately $18,917,00 on their claims for unpaid time of 20 minutes or less, exclusive of interest and penalties, if they prevailed on Rule 23 class certification, FLSA decertification, and all liability issues, including willfulness, and good faith. The proposed gross settlement of $8,750,000 represents approximately 46% of this amount.

9.     It is the opinion of Plaintiffs' Counsel, including myself, that the proposed settlement is an excellent result, and provides substantial relief for the Settlement Class Members. The merits of this litigation were hotly contested by both sides. Early on in the case, iQor filed a motion for judgment on the pleadings seeking dismissal of Plaintiffs' claims for unpaid straight-time wages under Minnesota, Arizona, New York, and Ohio law. (Motion, ECF No. 85.) Although the motion was denied, the Court declined to rule on the ultimate merits of the state law claims. (*See* Order, ECF No. 430 at 25-26.) The Parties also disputed liability as to Plaintiffs' FLSA claims. Although the Court indicated that Plaintiffs' federal claims for unpaid time in increments of 20 minutes or less were strong (Order, ECF No. 430 at 47-55), Defendant was prepared to appeal this decision to the Eighth Circuit (*see* Motion for Interlocutory Appeal, ECF No. 440). Likewise, the Court granted decertification as to Plaintiffs' FLSA claims for unpaid time in increments of more than 20 minutes. (Order, ECF No. 430 at 55-57.) The Parties also disputed whether Defendant's alleged violations of law were willful, and whether the company

acted in good faith. (*See* ECF No. 362 at 35-36; ECF No. 350 at 3-9.) Adding to the risk

was the fact that the Court had denied class certification of the state law claims and

granted partial decertification of the FLSA claims. (Order, ECF No. 430.)

### THE PROPOSED CLASS REPRESENTATIVES / SERVICE AWARDS

10.     Plaintiffs propose the following individuals as Class Representatives for the

Rule 23 State Law Classes for purposes of settlement. Sophia Ward (Arizona); Michael

Chavez (California); Brenda Brandt (Colorado); Paris Shoots (Minnesota); Jonathan Bell

(New York); Maxwell Turner (New York); Anissa Sanders (North Carolina); Tammy

Hope (Ohio); and Denise Duffie-McCants (South Carolina). Plaintiffs Sophia Ward and

Denise Duffie-McCants are not designated as Named Plaintiffs in the Fourth Amended

Complaint, but previously agreed to serve as Class Representatives for Plaintiffs' Motion

for Class Certification, and are proposed again for the purpose of Plaintiffs' Motion for

Preliminary Settlement Approval.

11.     Each of the proposed Class Representatives have demonstrated a

commitment to the class by agreeing to serve as Class Representatives, assisting with the

preparation of the Complaint, executing declarations, sitting for a deposition, and/or

consulting periodically about the litigation. They have remained available and in regular

contact with Counsel. In addition, although he was not ultimately proposed as a Class

Representative, Named Plaintiff Phillipp Ostrovsky was also prepared to serve as a Class

Representative, assisted with the preparation of the Complaint, remained in frequent

contact with our office, and was ready and willing to participate in discovery.

12.     In recognition of their efforts, pursuant to the Settlement Agreement,

Plaintiffs' counsel will file a separate motion seeking service awards for proposed Class Representatives and Named Plaintiffs identified above in the amount of $2,000, and $6,000 for the original Named Plaintiff Paris Shoots.

21.     In addition, counsel will also request that service awards of $500 to each Plaintiff who was deposed by Defendant in discovery. These individuals include: Thomas Blomquist, Rhodija Clark, Stephanie Dorsey, Eric Evenski, Ebby Gonzalez, Destanee Hayes, Idalia Mejia, Jamal Muwwakkil, Shatiea Pryor, Michelle Rose, and Eve Williams.

## THE EXPERIENCE OF COUNSEL / ATTORNEYS' FEES AND COSTS

13.     Nichols Kaster, PLLP has significant experience in class action litigation, representing thousands of employees in wage and hour, discrimination, and other types of class actions all over the country, as reflected in the Firm Resume attached as **Exhibit 2**.

14.     Nichols Kaster has been appointed class counsel or served as counsel for numerous class and collective actions. Recent cases within the past five years include the following: *Conlon v. Surly Brewing Co.*, No. 27-CV-16-2517 (Minn. Dist. Ct. May 4, 2017); *Seipel v. Safety Signs, Inc.*, No. 15-cv-71 (D. Minn. Aug. 27, 2015); *Randolph v. Centene Management Co.*, 2015 WL2062609, at *1 (W.D. Wash. May 4, 2015); *Ellsworth v. U.S. Bank, N.A.*, 2014 WL 2734953 at *18 (N.D. Cal. June 13, 2014); *McKeen-Chaplin v. Provident Savings Bank, FSB*, No. 2:12-cv-03035-GEB-JFM (E.D. Cal. Aug. 12, 2013); *Williams v. U.S. Bank, N.A.,* No. 2:12-cv-01907-LKK, 2013 WL 3119055 (E.D. Cal. June 20, 2013); *Long v. CPI Security Sys., Inc.*, No. 3:12-cv-00396, 2013 WL 2154801 (W.D.N.C. May 17, 2013); *Michaud v. Monro Muffler Brake, Inc.*, No. 2:12-cv-00353-NT (D. Maine May 8, 2013); *Alvarez v. Diversified Main. Sys., Inc.*,

No. 11-3106 (D. Minn. Feb. 14, 2013); *Struck v. PNC Bank, N.A.,* No. 2:11-cv-00982, 2013 WL 571849 (S.D. Ohio Feb. 13, 2013); *Latham v. Branch Banking & Trust Company*, No. 1:12-cv-00007 (M.D.N.C. Nov. 13, 2012); *Ruffin v. Entertainment of the Eastern Panhandle, Inc.*, No. 3:11-cv-00019, 2012 WL 5472165 (N.D. W.Va. Nov. 9, 2012); *Spar v. Cedar Towing & Auction, Inc.*, Case No. 27-CV-11-24993 (Minn. Dist. Ct. Oct. 16, 2012); *Heibel v. U.S. Bank, N.A.*, No. 11- 00593, 2012 WL 4463771 (S.D. Ohio Sept. 27, 2012); *Ginter v. RBS Citizens, N.A.*, No. 12- 00008-M-DLM (D.R.I. Sept. 17, 2012); *Kiessel v. The Corvus Group,* No. 12-390 PAG (N.D. Ohio July 6, 2012); *Myles v. Prosperity Mortgage Co.*, No. Civ. CCB-11-1234, 2012 WL 1963390 (D. Md., May 31, 2012); *Calderon v. Geico Gen. Ins. Co.*, RWT 10CV1958, 2011 WL 98197 (D. Md. Jan. 12, 2011) (granting conditional certification) and 279 F.R.D. 337 (D. Md. 2012) (granting Rule 23 class certification); *Swigart v. Fifth Third Bank*, 276 F.R.D. 210 (S.D. Ohio) (granting conditional certification) and 288 F.R.D. 177 (S.D. Ohio 2012) (granting Rule 23 class certification).

15.      For Nichols Kaster, PLLP, this matter has been primarily handled by myself and Robert L. Schug. In addition, the case staffed with several other attorneys from time to time throughout the life of the case, as well as paralegals, law clerks, and class action clerks. The case was also litigated with co-counsel from Teske, Katz, Kitzer & Rochel, PLLP.

16.      I am at Partner at Nichols Kaster. I graduated from the University of Minnesota in 2000 and graduated *cum laude* from William Mitchell College of Law in St. Paul, Minnesota in 2004. Since graduation, I have primarily handled wage and hour class

and collective actions.

17.     Robert L. Schug earned a B.S. from the Middle Tennessee State University *summa cum laude* in 2003 and a J.D. from William Mitchell College of Law *summa cum laude* in 2006. He has spent most of his career with Nichols Kaster, PLLP, representing employees in class and collective litigation in wage and hour and discrimination cases.

18.     Pursuant to the Settlement Agreement, Plaintiffs' counsel will file a separate motion seeking an award of up to $2,916,666.66 in attorneys' fees (one-third of the settlement amount), as well as reimbursement of up to $300,000 in out-of-pocket costs, within the timeframes established by the Court. My office and our co-counsel spent significant time bringing this case to a resolution, including time spent: (1) investigating the lawsuit and preparing the Complaint and Amended Complaints; (2) responding to motions to dismiss; (3) preparing for discovery; (4) serving written discovery; (5) attending multiple meet and confer sessions regarding written discovery; (6) negotiating ESI protocols and search terms; (7) reviewing and coding over 150,000 pages of documents and ESI; (8) taking 10 depositions of Defendant's employees and witnesses; (9) defending the depositions of 16 Plaintiffs; (10) interviewing and assisting 100 Plaintiffs in responding to individual written discovery; (11) drafting the motion for Rule class certification and the response to Defendant's motion for FLSA decertification; (12) conducting damages analysis and engaging in multiple mediation sessions and extensive informal settlement negotiations; and (13) preparing for the potential re-filing of numerous claims in response to the orders on class certification and decertification.

19.     Counsel are aware of no interest by any class members in controlling the

prosecution of their individual claim, or any other pending litigation against iQor concerning the same issues.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  October 23, 2018                          /s/Rachhana T. Srey
                                                 Rachhana T. Srey