# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT**</u>

*Shoots v. iQor Holdings US, Inc.*,
United States District Court District of Minnesota,
Civ. No. 0:15-cv-00563-SRN-SER

This Settlement Agreement is entered into between Plaintiffs, Paris Shoots, Jonathan Bell, Maxwell Turner, Tammy Hope, Phillipp Ostrovsky, Brenda Brandt, Anissa Sanders, Najai McCutcheon, and Michael Chavez (collectively, "Plaintiffs"), individually and on behalf of the FLSA Collective and Rule 23 State Law Settlement Classes described below (hereinafter referred to collectively as the "Settlement Class" or "Settlement Class Members"), by and through their attorneys Nichols Kaster, PLLP and Teske, Katz, Kitzer & Rochel, PLLP ("Class Counsel"), and Defendant iQor Holdings US, Inc./iQor Holdings US LLC ("Defendant"), by and through its attorneys Quinn Emanuel Urquhart & Sullivan, LLP (the Plaintiffs and the Defendant are collectively referred to as "Parties").

## I.      RECITALS AND BACKGROUND

1.      On January 21, 2015, Named Plaintiff Paris Shoots filed a Class Action Complaint in Hennepin County District Court in Minnesota alleging claims for unpaid wages under Minnesota law. (*See* Notice of Removal, ECF No. 1.) On February 20, 2015, iQor removed the action to the United States District Court for the District of Minnesota. (*Id.*)

2.      On April 3, 2015, Plaintiff filed a First Amended Complaint, adding claims for overtime under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), as well as Rule 23 class action claims for overtime, unpaid wages, and other relief under the state laws of New York, Ohio, and Arizona. (First Am. Compl., ECF No. 19.) Plaintiffs Jonathan Bell, Maxwell Turner, Tammy Hope, and Phillipp Ostrovsky were added as additional Named Plaintiffs. (*Id.*)

3.      On June 25, 2015, iQor filed a motion for judgment on the pleadings, requesting dismissal of the First Amended Complaint in its entirety. On June 26, 2015, Plaintiffs moved for conditional certification of their FLSA overtime claims. (Motion, ECF No. 79.)

4.      On August 17, 2015, Plaintiffs filed a Second Amended Complaint, adding claims for overtime, unpaid wages, and other relief under the state laws of Colorado and North Carolina. (Second Am. Compl., ECF No. 121.) Plaintiffs also added claims under the Fair Credit Reporting Act. (*Id.*) Plaintiffs Brenda Brandt and Anissa Sanders were added as additional Named Plaintiffs. (*Id.*)

5.      On October 19, 2015, the Court issued an order granting Plaintiff's motion for conditional certification, and denying Defendant's motion to dismiss. (Order, ECF No. 142.) The Court conditionally certified the following FLSA Collective: All current and former iQor Contact Center Agents who used TimeQey for timekeeping purposes at any time from October 19, 2012 to December 31, 2014. (*Id.*)

6.      Notice was issued to the FLSA Collective, and 3,545 individuals ultimately filed Consent Forms to join the action pursuant to 29 U.S.C. § 216(b).

7.      On May 19, 2016, the Parties attended a mediation session with respected mediator Michael E. Dickstein in New York, New York. The Parties informally exchanged information in preparation for the mediation session, including pay and time records for the putative classes. Despite the Parties' efforts, the case did not resolve at that time.

8.      On July 25, 2016, Plaintiffs filed a Third Amended Complaint adding claims for overtime, unpaid wages, and other relief under the state laws of South Carolina and California. (Third Am. Compl., ECF No. 294.) Plaintiffs Najai McCutcheon and Leticia Rodriguez were added as additional Named Plaintiffs. (*Id.*)

9.      On July 29, 2016, Defendant filed a motion to dismiss Plaintiffs' claims under the Fair Credit Reporting Act. (ECF No. 295.) On October 18, 2016, the Court issued an order granting iQor's motion to dismiss those claims. (ECF No. 314.)

10.     On June 29, 2017, Plaintiffs filed a Fourth Amended Complaint substituting Michael Chavez as Named Plaintiff for the putative California Class. (Fourth Am. Compl, ECF No. 336.)

11.     The Parties engaged in extensive discovery from June 2016 through July 2017, allowing both Parties to evaluate the strengths and weakness of the claims and defenses at issue. Plaintiffs deposed Defendant's corporate designee and multiple corporate executives, interviewed many of the Opt-In Plaintiffs, and obtained tens of thousands of pages of documents from Defendant. Defendant deposed multiple Plaintiffs, and served discovery on 100 Opt-in Plaintiffs. Both Parties have analyzed Defendant's payroll and time data to determine potential damages, and have engaged expert witnesses to assist with the analysis.

12.     Near the close of discovery, the Parties agreed to a second mediation session. (*See* Order, ECF No. 346.) The Parties engaged respected mediator Joan S. Morrow, and scheduled a mediation session to take place on May 31, 2017 in Reston, Virginia. After pre-mediation discussions with the mediator, the Parties decided to postpone the mediation.

13.     On August 18, 2017, Plaintiffs filed a motion for certification of their state law claims pursuant to Fed. R. Civ. P. 23. (ECF No. 353.) On the same date, Defendant filed a motion for decertification of the FLSA Collective. (ECF No. 247.) The Court held oral argument on September 29, 2017. (ECF No. 409.)

14.     Following oral argument, the Parties agreed to schedule another mediation session with Joan S. Morrow. On December 19, 2017, the Parties attended a full-day mediation session in Richmond, Virginia.

15.     On March 27, 2018, the Court issued an Order denying Plaintiffs' motion for Rule 23 class certification, and granting in part and denying in part Defendant's motion for FLSA decertification. (ECF No. 430.) The Court subsequently stayed its Order for sixty (60) days to allow sufficient time for the FLSA Opt-in Plaintiffs and the putative Rule 23 class members to evaluate their options concerning potential re-filing of their claims.

16.     On April 11, 2018, Defendant filed a motion to certify certain aspects of the Court's decertification Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 44.) The Court denied the motion. (ECF No. 447.)

17.     Prior to the expiration of the Court-ordered stay, the Parties reconvened settlement discussions. On July 9, 2018, after extensive negotiations, the Parties entered into a Memorandum of Understanding. (*See* ECF No. 454.) The Court subsequently vacated all remaining case deadlines. (ECF No. 456.)

18.     Based on each Party's independent investigation and evaluation, the Parties believe that a settlement based on the amounts and terms set forth in this Agreement is fair, reasonable, and adequate, and is in the best interest of Plaintiffs and the Settlement Class in light of all known facts and circumstances, including the risk of delay, the allegations asserted by Plaintiffs, and the defenses asserted by Defendant.

19.     Defendant expressly denies any liability or wrongdoing of any kind associated with the claims in this litigation. By entering into the Settlement Agreement, Defendant does not admit any liability or wrongdoing and expressly denies the same.

20.     This Settlement Agreement sets forth the entire agreement between the Parties and supersedes all prior agreements or understandings, written or oral, between the Parties. It is the intention of the Parties that this Settlement Agreement be consistent with the Parties' previously executed Memorandum of Understanding.

## II.     SETTLEMENT AMOUNT, SCOPE, AND DAMAGES ANALYSIS

21.     Defendant agrees to pay eight million, seven hundred and fifty thousand dollars ($8,750,000.00) (the "Gross Settlement Amount"), to fully resolve all of the claims alleged in this action, to be distributed in the manner set forth in this Agreement.

22.     The scope of this settlement includes the 3,545 Opt-in Plaintiffs who have filed consent to join forms and have not withdrawn them, and the 16,720 members of the Rule 23 State Law Settlement Classes described herein. These individuals will have the right to exclude themselves from the settlement in the manner set forth in this Agreement.

23.     The sum of the Gross Settlement Amount remaining after subtracting: (a) Class Counsel's attorneys' fees and costs; (b) service payments for Plaintiffs; (c) the contingency fund; (d) the payroll tax fund; and (e) costs incurred in administering the settlement by Class Counsel and the settlement administrator, shall constitute the "Net Allocation Fund."

24.     The Net Allocation Fund shall be distributed, as set forth herein, to all FLSA Collective members who do not timely reject their settlement offers and request a withdrawal of their opt-in consent form, and all Rule 23 State Law Classes who do not timely opt out of the settlement (the "Participating Class Members").

25.     As set forth above, Class Counsel has obtained electronic payroll and time data from Defendant in the course of this litigation. Using this data, Class Counsel conducted an individualized analysis of each Settlement Class Member's potential damages, considering each Settlement Class Member's hours worked, weeks worked during the relevant statutory periods,

and earnings as reflected in the payroll data. The Parties stipulate that, for purposes of settlement, works days and time included in the data file named "TQAPI.csv" relating to TimeQey entries originating from a non-TimeQey system will be included in the damages analysis for Settlement Class Members.

26.     The Parties agree that no amount of the Gross Settlement Amount shall revert to or be retained by Defendant, except as explicitly provided in this Agreement.

## III.   FLSA COLLECTIVE AND RULE 23 CERTIFICATION FOR SETTLEMENT PURPOSES

27.     The Court previously certified the following FLSA Collective:

All current and former iQor Contact Center Agents who used TimeQey for timekeeping purposes at any time from October 19, 2012 to December 31, 2014.

(Order, ECF No. 142.)

28.     For settlement purposes only, the Parties stipulate to certification of the following Rule 23 State Law Settlement Classes:

Arizona Settlement Class: All individuals employed by iQor as Contact Center Agents in Arizona who used TimeQey for timekeeping purposes at any time from April 3, 2014 to December 31, 2014.

California Settlement Class: All individuals employed by iQor as Contact Center Agents in California who used TimeQey for timekeeping purposes at any time since February 21, 2013 to December 31, 2014.

Colorado Settlement Class: All individuals employed by iQor as Contact Center Agents in Colorado who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014

Minnesota Settlement Class: All individuals employed by iQor as Contact Center Agents in Minnesota who used TimeQey for timekeeping purposes at any time from January 21, 2012 to December 31, 2014.

New York Settlement Class: All individuals employed by iQor as Contact Center Agents in New York who used TimeQey for timekeeping purposes at any time from April 3, 2009 to December 31, 2014.

<u>North Carolina Settlement Class</u>: All individuals employed by iQor as Contact Center in North Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2013 to December 31, 2014.

<u>Ohio Settlement Class</u>: All individuals employed by iQor as Contact Center Agents in Ohio who used TimeQey for timekeeping purposes at any time from April 3, 2007 to December 31, 2014.

<u>South Carolina Settlement Class</u>: All individuals employed by iQor as Contact Center Agents in South Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014.

29.     The Parties further stipulate that Plaintiffs shall be appointed as Class Representatives and Nichols Kaster, PLLP and Teske, Katz Kitzer, & and Rochel, PLLP shall be appointed Class Counsel for the Rule 23 State Law Settlement Classes. The Parties agree that Class Counsel may substitute additional or different Class Representatives for purposes of certification of the Settlement Classes if necessary.

30.     The stipulation to certify the Settlement Classes is contingent upon final approval of this Settlement Agreement by the Court and is made for settlement purposes only.

## IV.     RELEASE OF CLAIMS

31.     Each member of the FLSA Collective who is a Participating Settlement Class Member shall knowingly, voluntarily, and completely release Defendant, its parents, subsidiaries, affiliates, officers, directors, owners, employees, attorneys, contractors, and agents from/for all known and unknown claims for overtime compensation, minimum wages, compensable work, meal and rest break periods, liquidated damages, penalties, and interest under the FLSA arising from the Participating Class Member's employment with Defendant up through December 31, 2014.   Each member of the Rule 23 State Law Settlement Classes shall knowingly, voluntarily, and completely release Defendant from/for all known and unknown claims for overtime compensation, minimum wages, compensable work, meal and rest break

periods, liquidated damages, penalties, and interest under the respective state law arising from the Participating Class Member's employment with Defendant up through December 31, 2014.

## V.   ATTORNEYS' FEES/COSTS AND SETTLEMENT ADMINISTRATION COSTS

32.     Class Counsel shall make a separate petition with the Court for an award of attorneys' fees for their work in obtaining a settlement benefiting the Settlement Class Members, in an amount not to exceed $2,916,666.66 (one-third of the total settlement fund). Defendant will not oppose the petition. Any attorneys' fees awarded to Class Counsel shall be paid out of the Gross Settlement Amount, and not in addition to it.

33.     Class Counsel will also seek reimbursement of their litigation costs, in an amount not to exceed $300,000.00. Defendant will not oppose the petition. Any award for costs to Class Counsel shall be paid out of the Gross Settlement Amount, and not in addition to it.

34.     The enforceability of this Settlement Agreement is not contingent on the amount of attorneys' fees or costs awarded by the Court to Class Counsel.

35.     The Parties agree that if the Court approves payment of attorneys' fees or costs in an amount less than requested by Class Counsel, the remaining amounts shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members.

36.     The Parties agree that $125,000.00 of the Gross Settlement Amount shall be set aside to pay for expenses incurred by Class Counsel for administering the settlement and obtaining final approval and for the services of Angeion Group a qualified and well-regarded settlement administrator who will administer the settlement according to the terms of this Agreement. The services performed by the settlement administrator will include, but are not necessarily limited to, establishing a qualified settlement fund, calculating final settlement amounts and payroll tax withholdings, processing and mailing settlement checks, and issuing and

processing tax forms in connection with the settlement payments. Any remaining amounts shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members.

37. Two hundred and fifty thousand dollars ($250,000.00) of the Gross Settlement Amount will be set aside in a payroll tax fund to cover the employer's share of all applicable payroll taxes that arise from payments under the Settlement. Any residual amount in the payroll tax fund not required for such employer payroll tax payments shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members.

## VI. CONTINGENCY FUND AND CY PRES

38. The Parties agree to apportion certain amounts of the Gross Settlement Amount to a contingency fund to effectuate the purposes of settlement, including to resolve the claims of any Settlement Class Members who timely opt-out or reject their settlement offer and assert claims against Defendant that fall within the Release of Claims.

39. The contingency fund will start at $50,000.00. For each increment of five (5) Settlement Class Members who opt-out or reject their settlement offers after the 90-day notice period in excess of ten (10), $7,500.00 will be added to the contingency fund. (For example, if 11-15 Class Members opt out or reject their settlement offers, $7,500.00 will be added to the contingency fund, and so forth in increments of 16-20 Class Members, 21-25 Class Members, and so on.) The contingency fund shall not exceed $250,000.00.

40. For up to four (4) years after the Settlement Effective Date, any amount in the contingency fund may be used by Defendant to resolve the claims of any Settlement Class Members who timely opt-out or reject their settlement offer and assert claims against Defendant that fall within the Release of Claims.

41.     Funds in the contingency fund will remain in Defendant's Counsel's trust account for a period of four (4) years after the Settlement Effective Date unless used to effectuate the purposes described above. Each year on the one-year anniversary of the Settlement Effective Date, Defendant shall provide Class Counsel with an accounting of the contingency fund including the balance of the contingency fund and the amount, if any, of the contingency fund used in the previous year.

42.     Any residual amount of this contingency fund that remains after expiration of the four-year period will be deposited with the settlement administrator and set aside in a *cy pres* fund to be donated to two charitable organizations in equal amounts, one selected by the Defendant and the other selected by Class Counsel. The Parties agree that Defendant will be able to treat such payments as charitable contributions by Defendant for tax reporting and accounting purposes. The Parties shall inform the settlement administrator of their *cy pres* recipients within fourteen (14) days after the close of the four (4) year period following the Settlement Effective Date. The settlement administrator will distribute the *cy pres* funds by check via U.S. mail within seven (7) days thereafter.

## VII.   SERVICE PAYMENTS

43.     In addition to their individual *pro rata* settlement allocations, the Parties agree to allocate to the Named Plaintiffs and to Plaintiffs who participated significantly in discovery a service payment for their time and effort in securing this settlement on behalf of the Settlement Class Members.  Subject to Court approval, six thousand dollars ($6,000.00) will be allocated to the original Named Plaintiff Paris Shoots and two thousand dollars ($2,000) to Jonathan Bell, Maxwell Turner, Tammy Hope, Phillipp Ostrovsky, Brenda Brandt, Anissa Sanders, and Michael Chavez. Two thousand dollars ($2,000.00) will be also be allocated to Plaintiffs Sophia Ward and Denise Duffie-McCants, who Plaintiffs proposed as class representatives in their

motion for class certification, and who will also be proposed as class representatives for purposes of settlement approval. In addition, subject to Court approval, five hundred dollars ($500.00) will be allocated to each Plaintiff who was deposed by Defendant in discovery.

44.     Plaintiffs will petition the Court for approval of these service payments. If any lesser amount is approved by the Court, the difference between the requested amount and the approved amount shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members. Any service amount to Class Representatives approved by the Court will be reported on an IRS Form W-2.

## VIII.   PRELIMINARY APPROVAL

45.     As soon as practicable after the execution of this Agreement and within the deadlines set by the Court, the Parties shall file a joint motion for preliminary settlement approval.

46.     Within ten (10) days of the filing of the joint motion for preliminary settlement approval, the settlement administrator shall serve or cause to be served notice of the settlement as required by CAFA, 28 U.S.C. § 1715. Upon completion of service, Defendant shall promptly file a declaration with the Court indicating such service has been completed.

## IX.   NOTICE TO SETTLEMENT CLASS MEMBERS

47.     Class Counsel computed a preliminary allocation of settlement amounts, which Defendant has reviewed and adopted as its settlement offers to the Settlement Class Members, and which will be included in the court-approved settlement notices with each individual's specific allocation.

48.     The Parties agree that three different settlement notices are necessary in this case, which are attached as exhibits: one notice for distribution to members of the FLSA Collective (Exhibit 1, the "FLSA Notice"), a second notice for distribution to members of the Rule 23 State

Law Settlement Classes (Exhibit 2, the "Rule 23 Notice"), a third hybrid notice for distribution to members of the FLSA Collective who are also members of one of the Rule 23 State Law Settlement Classes (Exhibit 3, the "Hybrid Notice").

49.     The FLSA Notice shall inform each member of the FLSA Collective of the ninety (90) day period ("Notice Response Deadline") to reject in writing his/her individual settlement offer and request a withdrawal of their opt-in consent form. Any Opt-in Plaintiffs who timely reject their individual settlement offers and request a withdrawal of their opt-in consent forms will be dismissed without prejudice and he/she shall have thirty (30) days within which to file a subsequent action in order to preserve consent-based tolling. Failure to re-file his/her claim within this timeline will result in his/her forfeiture of consent-based tolling, but not his/her claim.

50.     The Rule 23 Notice shall inform each Member of the Rule 23 State Law Settlement Classes of the Notice Response Deadline and his/her option to do nothing to accept the offer, or to opt out of the Rule 23 State Law Settlement Classes.  Members of the Rule 23 State Law Settlement Classes who wish to be excluded from the settlement must complete and sign a written request for exclusion in a form described in the Rule 23 Notice and deliver that request to Class Counsel no later than the Notice Response Deadline ("Rule Opt-Outs"). Rule 23 Opt-Outs shall receive no settlement benefits under this Settlement Agreement, shall not be considered Participating Settlement Class Members, and shall not be bound by any release set forth in this Agreement.

51.     The Hybrid Notice shall inform each member of the FLSA Collective who is also a member of one of the Rule 23 State Law Settlement Classes of their options, consistent with both the FLSA Notice and the Rule 23 Notice described above.

52.     Any Participating Settlement Class Member who wishes to object to the settlement must file a written objection with the Court, with copies to Class Counsel and counsel for Defendant. All objections must be post-marked by no later than the Notice Response Deadline. Both parties agree not to solicit objectors or encourage objections to the Settlement.

53.     Within seven (7) days of the Court granting preliminary settlement approval, Defendant shall provide the settlement administrator and Class Counsel with a list of the last known mailing and personal email addresses of each Settlement Class Member.

54.     Within twenty-one (21) days of the Court granting preliminary approval, the settlement administrator will send each Participating Class Member their respective court-approved notice of settlement, by U.S. mail to their last known address, and by email to their last known personal email address. Each Participating Class Member's last known address shall be determined by the settlement administrator upon reviewing the data provided by Defendant and updating the listed addresses through the use of available address databases and services. Defendant and Class Counsel shall cooperate with any reasonable request by the settlement administrator for information related to these addresses.

55.     Neither Defendant nor Class Counsel will discourage Settlement Class Members from participating in this settlement or encourage them to object to, reject, or opt-out of the settlement. The Parties will cooperate to ensure that Notice is promptly provided to all Settlement Class Members.

56.     Defendant agrees that should any Settlement Class Member contact it, or its counsel, about the action or the proposed settlement, Defendant will not respond but instead direct that such inquiries be addressed to the settlement administrator, whose contact information will be provided in the Class Notice.

57.    Defendant shall have the right to withdraw from the settlement by providing written notice of such election to Plaintiffs' counsel within seven (7) days of the Notice Response Deadline if the number of Settlement Class Members who reject their settlement offer or exclude themselves under Rule 23 exceeds 50 individuals.

## X.    FINAL APPROVAL

58.    The Parties shall request that the Court schedule a final fairness hearing for a date not less than one hundred (100) days after the date on which the unopposed motion for preliminary settlement approval is filed.

59.    The Parties shall file a joint motion for final settlement approval in accordance with the timelines provided for in the Court's Local Rules or by the Court.

## XI.    VOIDING THE SETTLEMENT AGREEMENT

60.    If the Court does not approve any material condition of this Settlement Agreement that effects a fundamental change of the Parties' Settlement, such as disapproving the settlement amount, the distribution plan or the composition of the class, but not including tax withholding allocations or minor administrative issues, or if the Court fails to enter Judgment and Dismissal of this action or such Judgment and Dismissal is rendered void, the entire Settlement Agreement will be voidable and unenforceable unless the parties agree in writing that the remaining provisions shall remain in full force and effect.

## XII.    DISBURSEMENT OF SETTLEMENT AMOUNTS AND TAXES

61.    "Settlement Effective Date" means the date on which the settlement shall become effective after all of the following events have occurred: (a) Plaintiffs, Defendant, Class Counsel, and Defendant's counsel have executed this Agreement; (b) the Court has preliminarily approved this Settlement; (c) reasonable notice has been given to Settlement Class Members, including providing them an opportunity to reject, opt out, or object to the settlement; (d) the Court has

held a final approval hearing, entered a Final Approval Order and Judgment approving the Settlement; and (e) only if there are written objections filed before the final approval hearing and those objections are not later withdrawn, the last of the following events to occur:   (i) if no appeal is filed, then the 31st day after entry of the Final Approval Order and Judgment, or (ii) if an appeal of the Final Approval Order and Judgment has been timely filed or other judicial review was taken or sought, the date the Final Approval Order and Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review. It is the intention of the Parties that the settlement shall not become effective until the Court's Final Approval Order and Judgment has become completely final and until there is no timely recourse by an appellant or objector who seeks to contest the settlement.

62.     Within thirty-one (31) days of the Settlement Effective Date or September 30, 2019, whichever is later, Defendant shall deposit with the settlement administrator the Gross Settlement Amount. The settlement administrator shall hold the Gross Settlement Amount in escrow in an IRC Section 468(b) qualified settlement fund. Such account shall be established as a qualified settlement fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The settlement administrator shall be responsible for all administrative, accounting, and tax compliance activities in connection with the fund, including any filing necessary to obtain qualified settlement fund status pursuant to Treas. Reg. § 1.468B-1. Defendants shall provide any documentation necessary to facilitate obtaining qualified settlement fund status.

63.     Within seven (7) days of delivery of the settlement funds, the settlement administrator shall wire to Defendant's Counsel any amounts designated for the contingency

fund pursuant to the terms of this Agreement, not to exceed two hundred and fifty thousand dollars ($250,000.00). These funds shall be held and used by Defendant's Counsel pursuant to the terms of this Agreement.

64.     Within seven (7) days of delivery of the settlement funds, the settlement administrator shall deduct no more than $110,000.00 to cover its costs for administering the settlement pursuant to the terms of the contract governing its engagement as settlement administrator.

65.     Within seven (7) days of delivery of the settlement funds, the settlement administrator shall calculate the Net Settlement Fund for distribution to the Participating Class Members, as set forth in this Agreement. This includes calculating the final settlement allocations for each Participating Class Member, based on the preliminary settlement allocations approved by the Court, and including reallocation to the Participating Class Members on a *pro rata* basis any residual amount in the payroll tax fund that will not be required for such employer payroll tax payments, along with any other amounts to be reallocated under the terms of this Settlement Agreement.

66.     Within fourteen (14) days of delivery of the settlement funds, the settlement administrator shall mail each Participating Class Member a check in the amount of their final settlement allocation including any awarded service payments.

67.     The Parties agree that the settlement administrator will issue one settlement check to each Participating Settlement Class Member. One third of the settlement payment will be reported as wages for tax purposes with each Participating Settlement Class Member receiving an IRS Form W-2. In addition, one third of the settlement payment shall constitute payment for liquidated damages, and one third shall constitute penalties and/or interest; these amounts will be

reported on an IRS Form 1099.  All amounts allocated as attorneys' fees and costs will be paid to Class Counsel and will be reported to Class Counsel on an IRS Form 1099. All amounts allocated as service payments to Plaintiffs will also be reported on an IRS Form W-2.

68.     Within fourteen (14) days of delivery of the settlement funds, the settlement administrator shall wire to Class Counsel any amounts awarded by the Court as attorneys' fees and costs, including costs of Class Counsel and the settlement administrator in administering the settlement.

69.     Thirty (30) days after checks are mailed, the settlement administrator shall mail a check cashing reminder postcard to all Participating Class Members to whom a check was issued but who have not yet cashed their check.

70.     Participating Settlement Class Members will have ninety (90) days from the date of issuance of their settlement checks in which to deposit or cash them. The Settlement Administrator shall reissue lost or damaged settlement checks as necessary.

71.     Any settlement checks that have not been deposited or cashed within the ninety (90) day period will be void. Funds allocated to Participating Settlement Class Members who do not cash their settlement checks within the check-cashing period will be wired to Defendant's Counsel within seven (7) days of the close of the check-cashing period, and will be added to the contingency fund described above. In the event that the contingency fund has reached two hundred and fifty thousand dollars ($250,000.00) prior to the expiration of the check-cashing period, funds allocated to Participating Settlement Class Members who do not cash their settlement checks will be added to the *cy pres* fund described above.

72.     Each Participating Class Member shall be obligated to obtain his/her own independent tax advice concerning the proper income reporting and tax obligations regarding any

and all payments and/or other remuneration he/she receives or obtains pursuant to this Agreement. Nothing in this Agreement shall be construed as Defendants or Class Counsel providing any advice regarding the payment of taxes or the tax consequences of a Participating Class Members' participation in any portion of this Agreement.

## XIII.   REQUIRED NOTICES

73.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third (3) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Class Counsel:
Rachhana T. Srey
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
srey@nka.com

To Counsel for Defendant:
Shon Morgan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
shonmorgan@quinnemanuel.com

## XIV.   SUCCESSORS

74.     Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective Parties to this agreement, as well as any parents, subsidiaries, affiliates, officers, directors, owners, employees, attorneys, contractors, and agents.

## XV.   MUTUAL COOPERATION

75.     The Parties agree to fully cooperate with each other to accomplish the terms of the Settlement Agreement, including, but not limited to, execution of such documents and taking

such other action as may reasonably be necessary to implement the terms of the Settlement Agreement.  The Parties to the Settlement Agreement shall use their best efforts, including all efforts contemplated by the Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Settlement Agreement and the terms set forth herein.

## XVI.  NO ADMISSION

76.     Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of the representative nature of the *Shoots* action or of liability, culpability, negligence, or wrongdoing on the part of Defendant.  Defendant denies liability for all claims asserted in the *Shoots* action and denies that absent settlement the action is appropriately treated as a representative or class action.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.  This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any action or proceeding.  The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## XVII.  STATEMENTS

77.     Public statements made by counsel about the settlement will be truthful, accurate, non-defamatory, and consistent with the content and tone of the papers publicly filed with the Court in this action.

## XVIII. INTEGRATION CLAUSE

78.     This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are

extinguished.  No rights hereunder may be waived or modified except in a writing signed by all Parties.

## XIX.  CONSTRUCTION

79.     The Parties agree that the terms and conditions of the Settlement Agreement are the result of lengthy, intensive, arms-length negotiations among the Parties, and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her, or its counsel participated in the drafting of the Settlement Agreement.

## XX.     CLASS COUNSEL SIGNATORIES

80.     It is agreed that it is impossible or impractical to have each member of the class execute this Settlement Agreement.  The Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if each member of the class executed this Settlement Agreement.

## XXI.  COUNTERPARTS

81.     The Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement:

**For Class Counsel:**

                                    **Nichols Kaster, PLLP**

_10 | 17 | 2018_
Date                                 Rachhana T. Srey
                                     Class Counsel

**For Defendant:**

                                    **iQor Holdings US LLC f/k/a iQor Holdings US, Inc.**

                                    By: _____
                                    Printed Name: _____
_____           Title: _____
Date

                                    **Quinn Emanuel Urquhart & Sullivan, LLP**

_10/23/2018_
Date                                 Shon Morgan
                                     Attorney for Defendant

**For Class Counsel:**

                           **Nichols Kaster, PLLP**

_____        _____
Date                                                    Rachhana T. Srey
                                                        Class Counsel

**For Defendant:**

                           **iQor Holdings US LLC f/k/a iQor Holdings US, Inc.**

                           By: _____
October 22, 2018                                        Printed Name: Stephanie Schuitt
Date                                                    Title:  President & Secretary

                           **Quinn Emanuel Urquhart & Sullivan, LLP**

_____        _____
Date                                                    Shon Morgan
                                                        Attorney for Defendant

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Paris Shoots, Jonathan Bell, Maxwell
Turner, Tammy Hope, Phillip
Ostrovsky, Brenda Brandt, Anissa
Sanders, Najai McCutcheon,
and Leticia Rodriguez, on behalf of
themselves, the Proposed Rule 23 Classes,
and others similarly situated,

Court File No. 0:15-cv-00563-SRN-SER

**NOTICE OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT**

Plaintiffs,

v.

iQor Holdings US Inc.,

Defendant.

**PLEASE READ THIS NOTICE OF SETTLEMENT CAREFULLY.  YOU MAY BE
ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED
SETTLEMENT DESCRIBED IN THIS NOTICE.**

**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.**

**A U.S. FEDERAL COURT HAS AUTHORIZED THIS NOTICE, THIS IS NOT A
SOLICITATION FROM A LAWYER**

**_YOU ARE NOT BEING SUED_**

You are receiving this notice because you filed a written consent form to join a collective action lawsuit and have been identified as someone eligible to receive money from a proposed settlement. The lawsuit is captioned _Shoots v. iQor Holdings US, Inc._, Civ. No. 0:15-cv-00563-SRN-SER, and is pending before Judge Susan Richard Nelson in the United States District Court for the District of Minnesota. This Notice summarizes your rights and obligations under the proposed settlement.

Plaintiffs in this case alleged that Defendant, through a system called TimeQey, failed to pay Contact Center Agents for all hours worked. Plaintiffs alleged that Defendant's practices violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, _et seq._, and state laws in Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. Defendant has denied and continues to deny Plaintiffs' allegations. The Court has not made a determination of the merits of Plaintiffs' claims or Defendant's defenses.

1

Rather than continue to litigate these matters, Plaintiffs and Defendant have reached a settlement. The settlement provides that Defendant will pay $8,750,000.00 to settle the claims in this case. Participating Settlement Class members will receive an individual settlement payment based on the factors outlined in this notice.

The Court has preliminarily approved the settlement. However, settlement money cannot be distributed until after the Court grants final approval of the settlement.

### *A Summary of Your Rights and Choices*

*Your Legal Rights Are Affected Even If You Do Not Act. Read This Notice Carefully.*

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| **Do Nothing** | • You will be a Participating Settlement Class Member and you will receive $[AMOUNT]*<br><br>• You will release all known and unknown claims for overtime compensation, minimum wages, compensable work, meal and rest break periods, liquidated damages, penalties, and interest under the FLSA arising from your employment with Defendant as Contact Center Agent at any time from October 9, 2012 to December 31, 2014, and will be bound by the terms of the Settlement as to those claims. | **You do not need to do anything to receive a settlement payment.** |
| **Exclude Yourself** | • You will not receive payment pursuant to this settlement.<br><br>• You can elect to opt-out of the settlement and retain your right to sue Defendant for your FLSA claims.<br><br>• To exclude yourself from participating in the Settlement of your FLSA claims you **must** send in a signed written exclusion request, rejecting your settlement offer and requesting withdrawal of your FLSA opt-in consent form. See below for instructions on how to exclude yourself. | **The Exclusion Request must be received no later than [NOTICE RESPONSE DEADLINE]** |

* This amount is your proposed share of the settlement, after attorneys' fees and out-of-pocket litigation costs, settlement administration costs, plaintiff service awards, a contingency fund, and a payroll tax fund have been deducted from the total gross amount of the settlement fund.  As explained below, a portion of your proposed share of the settlement will be subject to applicable taxes.

| 1. | WHAT ARE CLASS AND COLLECTIVE ACTIONS? |

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue one or more defendants on behalf of other people who may have similar claims.  All of these people together are a "Class" or "Class Members."  The court can determine whether it will allow a lawsuit to proceed as a class action.  In a class action, one court resolves the common issues for everyone in the Class except for those people who choose to exclude themselves from the Class.

Similarly, in a collective action lawsuit, one or more people called "Named Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. Claims brought as a collective action apply only to federal claims, often brought under the federal Fair Labor Standards Act. In a collective action, only those who join the case by filing a written consent form are included.

This case was brought as both a class action and a collective action. The class action was brought under applicable state wage and hour laws in the following states: Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina.  The parties agreed that the case could move forward as a class action for settlement purposes, and the Court preliminarily approved the agreement. The collective action asserts claims under the Fair Labor Standards Act. The Court previously conditionally certified the case as a collective action.

| 2. | WHY DID I GET THIS NOTICE? |

The United Stated District Court for the District of Minnesota previously conditionally certified the case as a collective action and authorized notice to be sent to: "All current and former iQor Contact Center Agents who used TimeQey for timekeeping purposes at any time from October 19, 2012 to December 31, 2014."

You are receiving this notice because you previously submitted a written consent form to join this action to assert claims under the federal Fair Labor Standards Act.  You are not a member of a State Law Settlement Class because you did not work in one of the applicable states.

This proposed Settlement will affect your legal rights.  Therefore, it is important that you read this Notice carefully, in its entirety. You have choices to make as detailed in the chart above before the Court decides whether or not to grant final approval of the Settlement.

| 3. | WHAT IS THIS CASE ABOUT? |
|---|---|

This action was brought by Plaintiff Paris Shoots on behalf of himself and other similarly-situated individuals who worked for Defendant as Contact Center Agents. Several other Named Plaintiffs were added during the course of the case. Plaintiffs alleged that Defendant violated federal and state wage and hour laws by deducting certain work hours and failing to pay for short rest breaks under its TimeQey system and related policies.

The case sought relief for other Contact Center Agents, seeking remedies available under the federal Fair Labor Standards Act, as well as applicable state laws of Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. This included unpaid overtime and/or straight-time wages where available, along with available liquidated damages, penalties, and/or interest. The Plaintiffs also sought recovery of attorneys' fees and costs.

Defendant has denied and continues to deny Plaintiffs' allegations.  The Court has not made a final determination on the merits of Plaintiffs' claims or Defendant's defenses.

You can read the Plaintiffs' Complaint, Defendant's Answer, and other case and settlement documents at [website].

| 4. | WHO ARE THE FLSA SETTLEMENT CLASS MEMBERS? |
|---|---|

The FLSA Settlement Class Members are all those individuals who filed written consent forms to join the case, as described above. As explained above, you are a member of the FLSA Settlement Class.

The proposed settlement also includes several State Law Settlement Classes that include individuals who worked in Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. As explained above, you are not a member of a State Law Settlement Class.

| 5. | WHY IS THE CASE BEING SETTLED? |
|---|---|

This matter is being settled because both sides have agreed to a settlement of this case to avoid the costs and risks of trial and appeal.

| 6. | WHAT ARE THE SETTLEMENT BENEFITS? |
|---|---|

A lump sum of $8,750,000.00 will be paid by Defendant as the Gross Settlement Amount to settle this matter if the settlement is approved.

Your individual settlement amount is based on a formula that took into consideration a number of factors specific to you, including: (a) the number of eligible weeks you worked as a Contact Center Agent from [DATE] to December 31, 2014; (b) payroll earnings information for you provided by Defendant; (c) time data provided by Defendant; (d) whether you filed a written

consent form to assert claims under the Fair Labor Standards Act; and (e) the laws of the particular state in which you worked, if you worked in Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, or South Carolina.

Considering these factors and the data provided, Class Counsel determined each Settlement Class Member's individual settlement amount by allocating to each his/her pro rata share of the total settlement, after the deduction of attorneys' fees and costs, settlement administration costs, service awards, a contingency fund, and a payroll tax fund, all subject to final approval by the court.  Plaintiffs' Counsel believes the specific amount offered to you in the settlement is a fair and reasonable settlement offer in light of disputed liability and damages issues.

The Settlement Agreement, if approved, provides monetary benefits to all Participating Settlement Class Members.

| 7. | HOW DO I RECEIVE SETTLEMENT BENEFITS? |
|----|----|

You do not need to do anything in order to receive your settlement amount.

| 8. | WHAT HAPPENS IF I DO NOTHING? |
|----|----|

If you do nothing: (a) you will receive $[AMOUNT]; (b) you will release the FLSA claims described above; (c) you will give up the right to sue Defendant for these claims; and (d) you will be bound by the terms and conditions of the Settlement.  Should you have any questions about the scope of the Release, you may contact the settlement administrator at the numbers or addresses listed at the end of the notice.

Defendant will not take any adverse action against any individual because he or she participates or declines to participate in the settlement.

| 9. | WHY WOULD I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS? |
|----|----|

You do not have to take part in the Settlement.  You can exclude yourself from the settlement by sending in a signed written exclusion request, rejecting your settlement offer, and requesting withdrawal of your FLSA opt-in consent form.

If you timely reject your settlement offer and request a withdrawal of your FLSA opt-in consent form, you will be dismissed from this case without prejudice and will have thirty (30) days within which to file a subsequent action in order to preserve your consent-based tolling. *Should you do so, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims.*

Failure to re-file your claim within this timeline will result in forfeiture of consent-based tolling, but not your claim.

| **10.** | **HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?** |

If you wish to be excluded, you must send in a written request that includes all of the following:

- Your legal name, current address, and telephone number;
- The name and number of the lawsuit: *Shoots v. iQor Holdings US, Inc.*, Civ. No. 0:15-cv-00563-SRN-SER; and
- A statement, signed personally by you, clearly stating that you reject your settlement offer, and that you request withdrawal of your FLSA opt-in consent form.

All exclusion requests must be mailed to [settlement administrator], who is administering this settlement, at the following address:

[NAME]
[ADMINISTRATOR]
[CONTACT INFO]
[ADDRESS 1]
[ADDRESS 2]

**All exclusion requests MUST be <u>received</u> by [DATE].**

***Any request for exclusion must contain your personal signature which shall indicate to the Court that you wish to be excluded from the FLSA Settlement Class.***  You cannot exclude yourself by phone or by email.  Further, if you do not follow these instructions properly, you will lose your right to exclude yourself.

**UNLESS YOU PROPERLY SIGN AND MAIL IN A WRITTEN REQUEST FOR EXCLUSION FROM THE FLSA SETTLEMENT CLASS, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE, AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION REGARDING MATTERS RESOLVED IN THIS SETTLEMENT.   SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

| **11.** | **SETTLEMENT CHECKS AND TAXATION** |

If you do not exclude yourself from the Settlement, you will receive your settlement amount in one settlement check once the Court has approved the settlement and the conditions of the Settlement Agreement are satisfied.

Within thirty-one (31) days of the settlement becoming final, or September 30, 2019, whichever is later, Defendant shall deposit with the settlement administrator the required settlement funds. One third of your settlement payment will be reported as wages for tax purposes, and you will receive an IRS Form W-2. Payroll and income taxes **will be** withheld from this portion of the settlement amount. In addition, one third of your settlement payment will

be payment for liquidated damages, and one third will be for penalties and/or interest; these amounts will be reported on an IRS Form 1099 that will be issued to you. Payroll and income taxes **will not be** withheld from the amounts reported on IRS Form 1099.  If you accept the settlement, you will be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under the settlement.  You should consult a tax preparer if you have any tax-related questions.

You will have ninety (90) days to cash your settlement checks before your settlement checks are voided.  After that date, any uncashed check amounts will be donated to charity.

| 12. | DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE? |

Yes.  The following law firms represent you and the other Settlement Class Members. These lawyers are referred to as Class Counsel and include:

Rachhana T. Srey and Robert L. Schug of the law firm Nichols Kaster, PLLP and Vildan A. Teske and Marisa C. Katz of the law firm Teske Katz Kitzer & Rochel, PLLP in Minneapolis, Minnesota.

You will not be charged directly by Class Counsel for their services, but they will ask the Court to award them attorneys' fees and litigation costs from the Settlement.  More information about Class Counsel and their experience is available at the following websites: www.nka.com and www.tkkrlaw.com.

You may hire your own attorney, if you wish; however, you will be responsible for any fees and expenses that the attorney charges you.

| 13. | HOW WILL THE LAWYERS BE PAID? |

As part of the settlement agreement, Class Counsel will seek recovery of up to one-third of the total settlement amount, or $2,916,666.66, in addition to their out-of-pocket litigation costs of up to $300,000.  Payment of these attorneys' fees and out-of-pocket litigation costs will be subject to court approval.

**Please note, these amounts have already been deducted from your settlement share, and the settlement offer amount listed above will not be subject to any further deductions for attorneys' fees or costs.**

| 14. | HOW WILL THE CLASS REPRESENTATIVES BE PAID? |

To compensate the Class Representatives for their work in this litigation on behalf of the Settlement Class, Class Counsel will request that the original named plaintiff, Paris Shoots, be awarded six thousand dollars ($6,000.00) and the remaining named plaintiffs be awarded a service payment of two thousand dollars ($2,000.00) each. In addition, Class Counsel will request that any Plaintiffs who had their depositions taken be awarded a service payment of five

hundred dollars ($500.00) each. These awards will be paid in addition to the individual settlement amounts allotted them.

| 14. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? |
|---|---|

The settlement is subject to court approval and satisfaction of all conditions set forth in the Settlement Agreement filed with the Court.  Class Counsel will be filing a motion with the Court on or before [DATE] requesting final approval of the settlement.  The Court will hold a Final Approval Hearing on [DATE], at [TIME]. At this hearing, the Court will consider whether or not the Settlement is fair, reasonable, and adequate.  If there are written objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether or not to approve the Settlement.

The Hearing will be held before Judge Susan Richard Nelson at 774 Federal Building, 316 N. Robert Street., St. Paul, MN 55101.

| 15. | DO I HAVE TO ATTEND THE HEARING? |
|---|---|

No.  Class Counsel will answer questions the Court may have, but you may appear at your own expense.

| 16. | WHERE DO I OBTAIN MORE INFORMATION? |
|---|---|

If you have questions about the settlement and want additional information, you may contact the class action settlement administrator:

[NAME]
[ADMINISTRATOR]
[CONTACT INFO]
[ADDRESS 1]
[ADDRESS 2]

You can read the Plaintiffs' Complaint, Defendant's Answer, and other case and settlement documents at [website].

**DO NOT CONTACT THE COURT**

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Paris Shoots, Jonathan Bell, Maxwell Turner, Tammy Hope, Phillip Ostrovsky, Brenda Brandt, Anissa Sanders, Najai McCutcheon, and Leticia Rodriguez, on behalf of themselves, the Proposed Rule 23 Classes, and others similarly situated, | Court File No. 0:15-cv-00563-SRN-SER |
| Plaintiffs, | **NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |
| v. | |
| iQor Holdings US Inc., | |
| Defendant. | |

**PLEASE READ THIS NOTICE OF SETTLEMENT CAREFULLY. YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.**

**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.**

**A U.S. FEDERAL COURT HAS AUTHORIZED THIS NOTICE, THIS IS NOT A SOLICITATION FROM A LAWYER**

## *YOU ARE NOT BEING SUED*

You are receiving this notice because you are a class member in class action and have been identified as someone eligible to receive money from a proposed settlement. The lawsuit is captioned *Shoots v. iQor Holdings US, Inc.*, Civ. No. 0:15-cv-00563-SRN-SER, and is pending before Judge Susan Richard Nelson in the United States District Court for the District of Minnesota. This Notice summarizes your rights and obligations as a member of the class that was certified for settlement purposes.

Plaintiffs in this case alleged that Defendant, through a system called TimeQey, failed to pay Contact Center Agents for all hours worked. Plaintiffs alleged that Defendant's practices violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and state laws in Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. Defendant has denied and continues to deny Plaintiffs' allegations. The Court has not made a determination of the merits of Plaintiffs' claims or Defendant's defenses.

1

Rather than continue to litigate these matters, Plaintiffs and Defendant have reached a settlement. The settlement provides that Defendant will pay $8,750,000.00 to settle the claims in this case. Participating Settlement Class members will receive an individual settlement payment based on the factors outlined in this notice.

The Court has preliminarily approved the settlement. However, settlement money cannot be distributed until after the Court grants final approval of the settlement.

### *A Summary of Your Rights and Choices*

*Your Legal Rights Are Affected Even If You Do Not Act. Read This Notice Carefully.*

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| **Do Nothing** | • You will be a Participating Settlement Class Member and you will receive $[AMOUNT]*<br><br>• You will release all known and unknown [STATE] state law claims for overtime compensation, minimum wages, compensable work, meal and rest break periods, liquidated damages, penalties, and interest, arising from your employment with Defendant as Contact Center Agent at any time from [DATE] to December 31, 2014, and will be bound by the terms of the Settlement as to those claims. | **You do not need to do anything to receive a settlement payment.** |
| **Exclude Yourself** | • You will not receive payment pursuant to this settlement.<br><br>• You can elect to opt-out of the settlement and retain your right to sue Defendant for your state law claims.<br><br>• To exclude yourself from participating in the Settlement of your state law claims you **must** send in a signed written exclusion request. See below for instructions on how to exclude yourself. | **The Exclusion Request must be received no later than [NOTICE RESPONSE DEADLINE]** |
| **File an Objection** | • If you do not exclude yourself, you remain a Participating Settlement Class Member and can still write to the Court explaining why you disagree with the Settlement. | **The Objection must be received later than [NOTICE RESPONSE DEADLINE]** |

2

| | | |
|---|---|---|
| **Appear at the Hearing** | • If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the Settlement.<br><br>• You must send written notice of your desire to appear in advance. | <u>**The Written Notice must be received no later than [NOTICE RESPONSE DEADLINE]**</u> |

\* This amount is your proposed share of the settlement, after attorneys' fees and out-of-pocket litigation costs, settlement administration costs, plaintiff service awards, a contingency fund, and a payroll tax fund have been deducted from the total gross amount of the settlement fund.  As explained below, a portion of your proposed share of the settlement will be subject to applicable taxes.

## 1.      WHAT ARE CLASS AND COLLECTIVE ACTIONS?

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue one or more defendants on behalf of other people who may have similar claims.  All of these people together are a "Class" or "Class Members."  The court can determine whether it will allow a lawsuit to proceed as a class action.  In a class action, one court resolves the common issues for everyone in the Class except for those people who choose to exclude themselves from the Class.

Similarly, in a collective action lawsuit, one or more people called "Named Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. Claims brought as a collective action apply only to federal claims, often brought under the federal Fair Labor Standards Act. In a collective action, only those who join the case by filing a written consent form are included.

This case was brought as both a class action and a collective action. The class action was brought under applicable state wage and hour laws in the following states: Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina.  The parties agreed that the case could move forward as a class action for settlement purposes, and the Court has preliminarily approved the agreement. The collective action asserts claims under the Fair Labor Standards Act. The Court previously conditionally certified the case as a collective action.

## 2.      WHY DID I GET THIS NOTICE?

You are receiving this notice because Defendant's records show that you worked for Defendant in [STATE], as a Contact Center Agent at any time from [DATE] to December 31, 2014.  Therefore, you are a member of a State Law Settlement Class.

This proposed Settlement will affect your legal rights.  Therefore, it is important that you read this Notice carefully, in its entirety. You have choices to make as detailed in the chart above before the Court decides whether or not to grant final approval of the Settlement.

| 3. | WHAT IS THIS CASE ABOUT? |
|----|--------------------------|

This action was brought by Plaintiff Paris Shoots on behalf of himself and other similarly-situated individuals who worked for Defendant as Contact Center Agents. Several other Named Plaintiffs were added during the course of the case. Plaintiffs alleged that Defendant violated federal and state wage and hour laws by deducting certain work hours and failing to pay for short rest breaks under its TimeQey system and related policies.

The case sought relief for other Contact Center Agents, seeking remedies available under the federal Fair Labor Standards Act, as well as the applicable state laws of Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. This included unpaid overtime and/or straight-time wages where available, along with available liquidated damages, penalties, and/or interest. The Plaintiffs also sought recovery of attorneys' fees and costs.

Defendant has denied and continues to deny Plaintiffs' allegations.  The Court has not made a final determination on the merits of Plaintiffs' claims or Defendant's defenses.

You can read the Plaintiffs' Complaint, Defendant's Answer, and other case and settlement documents at [website].

| 4. | WHO ARE THE SETTLEMENT CLASS MEMBERS? |
|----|---------------------------------------|

The Court has preliminarily certified the following State Law Settlement Classes:

Arizona Settlement Class: All individuals employed by iQor as Contact Center Agents in Arizona who used TimeQey for timekeeping purposes at any time from April 3, 2014 to December 31, 2014.

California Settlement Class: All individuals employed by iQor as Contact Center Agents in California who used TimeQey for timekeeping purposes at any time since February 21, 2013 to December 31, 2014.

Colorado Settlement Class: All individuals employed by iQor as Contact Center Agents in Colorado who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014

Minnesota Settlement Class: All individuals employed by iQor as Contact Center Agents in Minnesota who used TimeQey for timekeeping purposes at any time from January 21, 2012 to December 31, 2014.

New York Settlement Class: All individuals employed by iQor as Contact Center Agents in New York who used TimeQey for timekeeping purposes at any time from April 3, 2009 to December 31, 2014.

North Carolina Settlement Class: All individuals employed by iQor as Contact Center in North Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2013 to December 31, 2014.

Ohio Settlement Class: All individuals employed by iQor as Contact Center Agents in Ohio who used TimeQey for timekeeping purposes at any time from April 3, 2007 to December 31, 2014.

South Carolina Settlement Class: All individuals employed by iQor as Contact Center Agents in South Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014.

The proposed settlement also includes individuals who previously submitted a written consent form to join this action and assert federal claims under the Fair Labor Standards Act. You are not a member of the FLSA Settlement Class.

## 5.     WHY IS THE CASE BEING SETTLED?

This matter is being settled because both sides have agreed to a settlement of this case to avoid the costs and risks of trial and appeal.

## 6.     WHAT ARE THE SETTLEMENT BENEFITS?

A lump sum of $8,750,000.00 will be paid by Defendant as the Gross Settlement Amount to settle this matter if the settlement is approved.

Your individual settlement amount is based on a formula that took into consideration a number of factors specific to you, including: (a) the number of eligible weeks you worked as a Contact Center Agent from [DATE] to December 31, 2014; (b) payroll earnings information for you provided by Defendant; (c) time data provided by Defendant; (d) whether you filed a written consent form to assert claims under the Fair Labor Standards Act; and (e) the laws of the particular state in which you worked, if you worked in Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, or South Carolina.

Considering these factors and the data provided, Class Counsel determined each Settlement Class Member's individual settlement amount by allocating to each his/her pro rata share of the total settlement, after the deduction of attorneys' fees and costs, settlement administration costs, service awards, a contingency fund, and a payroll tax fund, all subject to final approval by the court. Plaintiffs' Counsel believes the specific amount offered to you in the settlement is a fair and reasonable settlement offer in light of disputed liability and damages issues.

The Settlement Agreement, if finally approved, provides monetary benefits to all Participating Settlement Class Members.

| **7.** | **HOW DO I RECEIVE SETTLEMENT BENEFITS?** |
|---|---|

You do not need to do anything in order to receive your settlement amount.

| **8.** | **WHAT HAPPENS IF I DO NOTHING?** |
|---|---|

If you do nothing: (a) you will receive $[AMOUNT]; (b) you will release the claims described above; (c) you will give up the right to sue Defendant for these claims; and (d) you will be bound by the terms and conditions of the Settlement.  Should you have any questions about the scope of the Release, you may contact the settlement administrator at the numbers or addresses listed at the end of the notice.

Defendant will not take any adverse action against any individual because he or she participates or declines to participate in the settlement.

| **9.** | **WHY WOULD I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS?** |
|---|---|

You do not have to take part in the Settlement or be a member of the State Law Settlement Classes.  You can exclude yourself from the settlement by "opting out."

By excluding yourself, you maintain the right to file or proceed with a lawsuit against Defendant regarding the subjects raised in this lawsuit, subject to any applicable statute of limitations.  Should you do so, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims.

| **10.** | **HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?** |
|---|---|

If you wish to be excluded, you must send in a written request that includes all of the following:

- Your legal name, current address, and telephone number;
- The name and number of the lawsuit: *Shoots v. iQor Holdings US, Inc.*, Civ. No. 0:15-cv-00563-SRN-SER; and
- A statement, signed personally by you, clearly stating that you want to be excluded from the Settlement Class.

All exclusion requests must be mailed to [settlement administrator], who is administering this settlement, at the following address:

[NAME]
[ADMINISTRATOR]
[CONTACT INFO]
[ADDRESS1]
[ADDERSS2]

**All exclusion requests MUST be <u>received</u> by [<mark>DATE</mark>].**

*Any request for exclusion must contain your personal signature which shall indicate to the Court that you wish to be excluded from the State Law Settlement Classes*.  You cannot exclude yourself by phone or by email.  Further, if you do not follow these instructions properly, you will lose your right to exclude yourself.

**UNLESS YOU PROPERLY SIGN AND MAIL IN A WRITTEN REQUEST FOR EXCLUSION FROM THE STATE LAW SETTLEMENT CLASS, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE, AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION REGARDING MATTERS RESOLVED IN THIS SETTLEMENT.   SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

| **11.       HOW DO I OBJECT TO THE SETTLEMENT?** |
|---|

If you object to any aspect of the settlement, but do not want to be excluded from it, you may file an objection to it.  This means that you can tell the Court why you disagree with the settlement or some of its terms.  The Court will consider your views but may approve the settlement anyway.

You can object only if you do not exclude yourself from the Settlement Class.  If you exclude yourself, you cannot object.

To object, either you or a lawyer of your own choosing must prepare and file a written objection.  The objection must contain all of the following:

1. The name and title of the lawsuit, *Shoots v. iQor Holdings US, Inc.*, Civ. No. 0:15-cv-00563-SRN-SER;

2. A written statement of objections, in clear and concise terms, and the legal and factual arguments supporting each objection;

3. A statement of whether or not you or your lawyer will ask to appear at the Final Approval Hearing to talk about your objections, and, if so, how long you will need to present your objections; and

4. Copies of documents (if any) you or your lawyer will present at the Final Approval Hearing.

Your objection must be received no later than **[<mark>DATE</mark>].**  Any objection received after that date may be rejected.  Objections must be mailed to the following addresses:

<mark>[NAME]</mark><br><mark>[ADMINISTRATOR]</mark>

<mark>[CONTACT INFO]</mark>
<mark>[ADDRESS 1]</mark>
<mark>[ADDRESS 2]</mark>

## 12.    SETTLEMENT CHECKS AND TAXATION

If you do not exclude yourself from the Settlement, you will receive your settlement amount in one settlement check once the Court has finally approved the settlement and the conditions of the Settlement Agreement are satisfied.

Within thirty-one (31) days of the settlement becoming final, or September 30, 2019, whichever is later, Defendant shall deposit with the settlement administrator the required settlement funds. One third of your settlement payment will be reported as wages for tax purposes, and you will receive an IRS Form W-2. Payroll and income taxes **will be** withheld from this portion of the settlement amount. In addition, one third of your settlement payment will be payment for liquidated damages, and one third will be for penalties and/or interest; these amounts will be reported on an IRS Form 1099 that will be issued to you. Payroll and income taxes **will not be** withheld from the amounts reported on the IRS Form 1099.  If you accept the settlement, you will be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under the settlement.  You should consult a tax preparer if you have any tax-related questions.

You will have ninety (90) days to cash your settlement checks before your settlement checks are voided.  After that date, any uncashed check amounts will be donated to charity.

## 13.    DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?

Yes.  The Court has appointed the following law firm to represent you and the other Settlement Class Members.  These lawyers are referred to as Class Counsel and include:

Rachhana T. Srey and Robert L. Schug of the law firm Nichols Kaster, PLLP and Vildan A. Teske and Marisa C. Katz of the law firm Teske, Katz, Kitzer & Rochel, PLLP in Minneapolis, Minnesota.

You will not be charged directly by Class Counsel for their services, but they will ask the Court to award them attorneys' fees and litigation costs from the Settlement.  More information about Class Counsel and their experience is available at the following websites: www.nka.com and tkkrlaw.com.

You may hire your own attorney, if you wish; however, you will be responsible for any fees and expenses that the attorney charges you.

## 14.    HOW WILL THE LAWYERS BE PAID?

As part of the settlement, Class Counsel will seek recovery of up to one-third of the total settlement amount, or $2,916,666.66, in addition to their out-of-pocket litigation costs of up to

$300,000.  Payment of these attorneys' fees and out-of-pocket litigation costs will be subject to court approval.

**Please note, these amounts have already been deducted from your settlement share, and the settlement offer amount listed above will not be subject to any further deductions for attorneys' fees or costs.**

| 15. | HOW WILL THE CLASS REPRESENTATIVES BE PAID? |
|---|---|

To compensate the Class Representatives for their work in this litigation on behalf of the Settlement Class, Class Counsel will request that the original named plaintiff, Paris Shoots, be awarded six thousand dollars ($6,000.00) and the remaining named plaintiffs be awarded a service payment of two thousand dollars ($2,000.00) each. In addition, Class Counsel will request that any Plaintiffs who had their depositions taken be awarded a service payment of five hundred dollars ($500.00) each. These awards will be paid in addition to the individual settlement amounts allotted them.

| 16. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE OF THE SETTLEMENT? |
|---|---|

The settlement is subject to court approval and satisfaction of all conditions set forth in the Settlement Agreement filed with the Court.  Class Counsel will be filing a motion with the Court on or before [**DATE**], requesting final approval of the settlement.  The Court will hold a Final Approval Hearing on [**DATE**], at [**TIME**]. At this hearing, the Court will consider whether or not the Settlement is fair, reasonable, and adequate.  If there are written objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether or not to approve the Settlement.

The Hearing will be held before Judge Susan Richard Nelson at 774 Federal Building, 316 N. Robert Street., St. Paul, MN 55101.

| 17. | DO I HAVE TO ATTEND THE HEARING? |
|---|---|

No.  Class Counsel will answer questions the Court may have, but you may appear at your own expense.  If you send a written objection, the Court will consider it.  You may also pay your own lawyer to attend the hearing if you desire.

| 18. | IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT? |
|---|---|

Yes.  As long as you don't exclude yourself, you have the right to appear through your own counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your Notice of Appearance and any written objections you may have are submitted by [**DATE**].  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

## 19.     WHERE DO I OBTAIN MORE INFORMATION?

If you have questions about the settlement and want additional information, you may contact the class action settlement administrator:

[NAME]
[ADMINISTRATOR]
[CONTACT INFO]
[ADDRESS 1]
[ADDRESS 2]

You can read the Plaintiffs' Complaint, Defendant's Answer, and other case and settlement documents at [website].

**DO NOT CONTACT THE COURT**

EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Paris Shoots, Jonathan Bell, Maxwell Turner, Tammy Hope, Phillipp Ostrovsky, Brenda Brandt, Anissa Sanders, Najai McCutcheon, and Leticia Rodriguez, on behalf of themselves, the Proposed Rule 23 Classes, and others similarly situated, | Court File No. 0:15-cv-00563-SRN-SER |
| Plaintiffs, | **NOTICE OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT** |
| v. | |
| iQor Holdings US Inc., | |
| Defendant. | |

**PLEASE READ THIS NOTICE OF SETTLEMENT CAREFULLY. YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.**

**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LAWSUIT.**

**A U.S. FEDERAL COURT HAS AUTHORIZED THIS NOTICE, THIS IS NOT A SOLICITATION FROM A LAWYER**

***YOU ARE NOT BEING SUED***

You are receiving this notice because you are a class member in class and collective action and have been identified as someone eligible to receive money from a proposed settlement. The lawsuit is captioned *Shoots v. iQor Holdings US, Inc.*, Civ. No. 0:15-cv-00563-SRN-SER, and is pending before Judge Susan Richard Nelson in the United States District Court for the District of Minnesota. This Notice summarizes your rights and obligations as a member of the class that was certified for settlement purposes.

Plaintiffs in this case alleged that Defendant, through a system called TimeQey, failed to pay Contact Center Agents for all hours worked. Plaintiffs alleged that Defendant's practices violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and state laws in Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. Defendant has denied and continues to deny Plaintiffs' allegations. The Court has not made a determination of the merits of Plaintiffs' claims or Defendant's defenses. Rather than continue to litigate these matters, Plaintiffs and Defendant have reached a settlement. The

1

settlement provides that Defendant will pay $8,750,000.00 to settle the claims in this case. Participating Settlement Class members will receive an individual settlement payment based on the factors outlined in this notice.

The Court has preliminarily approved the settlement.  However, settlement money cannot be distributed until after the Court grants final approval of the settlement.

### *A Summary of Your Rights and Choices*
*Your Legal Rights Are Affected Even If You Do Not Act. Read This Notice Carefully.*

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| **Do Nothing** | • You will be a Participating Settlement Class Member and you will receive $[AMOUNT]*<br><br>• You will release all known and unknown [STATE] state law claims for overtime compensation, minimum wages, compensable work, meal and rest break periods, liquidated damages, penalties, and interest, arising from your employment with Defendant as Contact Center Agent at any time from [DATE] to December 31, 2014, and will be bound by the terms of the Settlement as to those claims.<br><br>• You will also release all known and unknown claims for overtime compensation, minimum wages, compensable work, meal and rest break periods, liquidated damages, penalties, and interest under the FLSA arising from your employment as Contact Center Agent at any time from October 9, 2012 to December 31, 2014, and will be bound by the terms of the Settlement as to those claims. | **You do not need to do anything to receive a settlement payment.** |
| **Exclude Yourself from the Settlement** | • You will not receive payment pursuant to this settlement.<br><br>• You can elect to opt-out of the settlement and retain your right to sue Defendant for your FLSA and state law claims.<br><br>• To exclude yourself from participating in the Settlement of your FLSA and state law claims you **must** send in a signed written exclusion request, rejecting your settlement offer and | **The Exclusion Request must be received no later than [NOTICE RESPONSE DEADLINE]** |

| | | |
|---|---|---|
| | requesting withdrawal of your FLSA opt-in consent form. See below for instructions on how to exclude yourself. | |
| **File an Objection** | • If you do not exclude yourself, you can remain a Participating Settlement Class Member and can still write to the Court explaining why you disagree with the Settlement. | **The Objection must be received no later than [NOTICE RESPONSE DEADLINE]** |
| **Appear at the Hearing** | • If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the Settlement.<br><br>• You must send written notice of your desire to appear in advance. | **The Written Notice must be received no later than [NOTICE RESPONSE DEADLINE]** |

*This amount is your proposed share of the settlement, after attorneys' fees and out-of-pocket litigation costs, settlement administration costs, plaintiff service awards, a contingency fund, and a payroll tax fund have been deducted from the total gross amount of the settlement fund. As explained below, a portion of your proposed share of the settlement will be subject to applicable taxes.

## 1.    WHAT ARE CLASS AND COLLECTIVE ACTIONS?

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue one or more defendants on behalf of other people who may have similar claims. All of these people together are a "Class" or "Class Members." The court can determine whether it will allow a lawsuit to proceed as a class action. In a class action, one court resolves the common issues for everyone in the Class except for those people who choose to exclude themselves from the Class.

Similarly, in a collective action lawsuit, one or more people called "Named Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. Claims brought as a collective action apply only to federal claims, often brought under the federal Fair Labor Standards Act. In a collective action, only those who join the case by filing a written consent form are included.

This case was brought as both a class action and a collective action. The class action was brought under applicable state wage and hour laws in the following states: Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. The parties agreed that the case could move forward as a class action for settlement purposes, and the Court preliminarily approved the agreement. The collective action asserts claims under the Fair Labor Standards Act. The Court previously conditionally certified the case as a collective action.

| 2. | WHY DID I GET THIS NOTICE? |
|---|---|

The United Stated District Court for the District of Minnesota previously conditionally certified the case as a collective action and authorized notice to be sent to: "All current and former iQor Contact Center Agents who used TimeQey for timekeeping purposes at any time from October 19, 2012 to December 31, 2014."

You are receiving this notice because you previously submitted a written consent form to join this action to assert claims under the federal Fair Labor Standards Act. In addition, Defendant's records show that you worked for Defendant in [STATE], as a Contact Center Agent at any time from [DATE] to December 31, 2014. Therefore, you are a member of the FLSA Settlement Class and a State Law Settlement Class.

This proposed Settlement will affect your legal rights. Therefore, it is important that you read this Notice carefully in its entirety. You have choices to make as detailed in the chart above before the Court decides whether or not to grant final approval of the Settlement.

| 3. | WHAT IS THIS CASE ABOUT? |
|---|---|

This action was brought by Plaintiff Paris Shoots on behalf of himself and other similarly-situated individuals who worked for Defendant as Contact Center Agents. Several other Named Plaintiffs were added during the course of the case. Plaintiffs alleged that Defendant violated federal and state wage and hour laws by deducting certain work hours and failing to pay for short rest breaks under its TimeQey system and related policies.

The case sought relief for other Contact Center Agents, seeking remedies available under the federal Fair Labor Standards Act, as well as the applicable state laws of Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, and South Carolina. This included unpaid overtime and/or straight-time wages where available, along with available liquidated damages, penalties, and/or interest. The Plaintiffs also sought recovery of attorneys' fees and costs.

Defendant has denied and continues to deny Plaintiffs' allegations. The Court has not made a final determination on the merits of Plaintiffs' claims or Defendant's defenses.

You can read the Plaintiffs' Complaint, Defendant's Answer, and other case and settlement documents at [website].

| 4. | WHO ARE THE SETTLEMENT CLASS MEMBERS? |
|---|---|

The FLSA Settlement Class Members are all those individuals who filed written consent forms to join the case, as described above. The Court has preliminarily certified the following State Law Settlement Classes. As explained above, you are a member of the FLSA Settlement Class and a State Law Settlement Class.

Arizona Settlement Class: All individuals employed by iQor as Contact Center Agents in Arizona who used TimeQey for timekeeping purposes at any time from April 3, 2014 to December 31, 2014.

California Settlement Class: All individuals employed by iQor as Contact Center Agents in California who used TimeQey for timekeeping purposes at any time since February 21, 2013 to December 31, 2014.

Colorado Settlement Class: All individuals employed by iQor as Contact Center Agents in Colorado who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014

Minnesota Settlement Class: All individuals employed by iQor as Contact Center Agents in Minnesota who used TimeQey for timekeeping purposes at any time from January 21, 2012 to December 31, 2014.

New York Settlement Class: All individuals employed by iQor as Contact Center Agents in New York who used TimeQey for timekeeping purposes at any time from April 3, 2009 to December 31, 2014.

North Carolina Settlement Class: All individuals employed by iQor as Contact Center in North Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2013 to December 31, 2014.

Ohio Settlement Class: All individuals employed by iQor as Contact Center Agents in Ohio who used TimeQey for timekeeping purposes at any time from April 3, 2007 to December 31, 2014.

South Carolina Settlement Class: All individuals employed by iQor as Contact Center Agents in South Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014.

| 5. | WHY IS THE CASE BEING SETTLED? |
|---|---|

This matter is being settled because both sides have agreed to a settlement of this case to avoid the costs and risks of trial and appeal.

| 6. | WHAT ARE THE SETTLEMENT BENEFITS? |
|---|---|

A lump sum of $8,750,000.00 will be paid by Defendant as the Gross Settlement Amount to settle this matter if the settlement is approved.

Your individual settlement amount is based on a formula that took into consideration a number of factors specific to you, including: (a) the number of eligible weeks you worked as a Contact Center Agent from [DATE] to December 31, 2014; (b) payroll earnings information for you provided by Defendant; (c) time data provided by Defendant; (d) whether you filed a written

consent form to assert claims under the Fair Labor Standards Act; and (e) the laws of the particular state in which you worked, if you worked in Arizona, California, Colorado, Minnesota, New York, North Carolina, Ohio, or South Carolina.

Considering these factors and the data provided, Class Counsel determined each Settlement Class Member's individual settlement amount by allocating to each his/her pro rata share of the total settlement, after the deduction of attorneys' fees and costs, settlement administration costs, service awards, a contingency fund, and a payroll tax fund, all subject to final approval by the court.  Plaintiffs' Counsel believes the specific amount offered to you in the settlement is a fair and reasonable settlement offer in light of disputed liability and damages issues.

The Settlement Agreement, if approved, provides monetary benefits to all Participating Settlement Class Members.

| 7. | HOW DO I RECEIVE SETTLEMENT BENEFITS? |
|---|---|

You do not need to do anything in order to receive your settlement amount.

| 8. | WHAT HAPPENS IF I DO NOTHING? |
|---|---|

If you do nothing: (a) you will receive $[AMOUNT]; (b) you will release the claims described above; (c) you will give up the right to sue Defendant for these claims; and (d) you will be bound by the terms and conditions of the Settlement.  Should you have any questions about the scope of the Release, you may contact the settlement administrator at the numbers or addresses listed at the end of the notice.

Defendant will not take any adverse action against any individual because he or she participates or declines to participate in the settlement.

| 9. | WHY WOULD I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS? |
|---|---|

You do not have to take part in the Settlement. You can also exclude yourself from the settlement by sending in a signed written exclusion request, rejecting your settlement offer, and requesting withdrawal of your FLSA opt-in consent form.

If you timely reject your settlement offer and request a withdrawal of your FLSA opt-in consent form, you will maintain the right to file or proceed with a lawsuit against Defendant regarding the subjects raised in this lawsuit, subject to any applicable statute of limitations.

In addition, your FLSA claims will be dismissed without prejudice and will have thirty (30) days within which to file a subsequent action in order to preserve your FLSA consent-based tolling. Failure to re-file your FLSA claim within this timeline will result in forfeiture of consent-based tolling, but not your claim.

*Should you exclude yourself from this lawsuit and file a separate lawsuyit, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims.*

| **10.     HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?** |
| --- |

If you wish to be excluded, you must send in a written request that includes all of the following:

- Your legal name, current address, and telephone number;
- The name and number of the lawsuit: *Shoots v. iQor Holdings US, Inc.*, Civ. No. 0:15-cv-00563-SRN-SER; and
- A statement, signed personally by you, clearly stating that you reject your settlement offer, and that you request withdrawal of your FLSA opt-in consent form.

All exclusion requests must be mailed to [settlement administrator], who is administering this settlement, at the following address:

[NAME]
[ADMINISTRATOR]
[CONTACT INFO]
[ADDRESS 1]
[ADDRESS 2]

**All exclusion requests MUST be <u>received</u> by [DATE].**

*Any request for exclusion must contain your personal signature which shall indicate to the Court that you wish to be excluded from the Settlement Classes*.  You cannot exclude yourself by phone or by email.  Further, if you do not follow these instructions properly, you will lose your right to exclude yourself.

**UNLESS YOU PROPERLY SIGN AND MAIL IN A WRITTEN REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASSES, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE, AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION REGARDING MATTERS RESOLVED IN THIS SETTLEMENT.  SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

| **11.     HOW DO I OBJECT TO THE SETTLEMENT?** |
| --- |

If you object to any aspect of the settlement, but do not want to be excluded from it, you may file an objection to it.  This means that you can tell the Court why you disagree with the

7

settlement or some of its terms. The Court will consider your views but may approve the settlement anyway.

You can object only if you do not exclude yourself from the Settlement Class. If you exclude yourself, you cannot object.

To object, either you or a lawyer of your own choosing must prepare and file a written objection. The objection must contain all of the following:

1. The name and title of the lawsuit, *Shoots v. iQor Holdings US, Inc.*, Civ. No. 0:15-cv-00563-SRN-SER;

2. A written statement of objections, in clear and concise terms, and the legal and factual arguments supporting each objection;

3. A statement of whether or not you or your lawyer will ask to appear at the Final Approval Hearing to talk about your objections, and, if so, how long you will need to present your objections; and

4. Copies of documents (if any) you or your lawyer will present at the Final Approval Hearing.

Your objection must be received no later than **[DATE]**. Any objection received after that date may be rejected. Objections must be mailed to the following addresses:



[[NAME]
[ADMINISTRATOR]
[CONTACT INFO]
[ADDRESS 1]
[ADDRESS 2]

| 12. | SETTLEMENT CHECKS AND TAXATION |
|---|---|

If you do not exclude yourself from the Settlement, you will receive your settlement amount in one settlement check once the Court has finally approved the settlement and the conditions of the Settlement Agreement are satisfied.

Within thirty-one (31) days of the settlement becoming final, or September 30, 2019, whichever is later, Defendant shall deposit with the settlement administrator the required settlement funds. One third of you settlement payment will be reported as wages for tax purposes, and you will receive an IRS Form W-2. Payroll and income taxes **will be** withheld from this portion of the settlement amount. In addition, one third of your settlement payment will be payment for liquidated damages, and one third will be for penalties and/or interest; these amounts will be reported on an IRS Form 1099 that will be issued to you. Payroll and income taxes **will not be** withheld from the amounts reported on IRS Form 1099. If you accept the settlement, you will be solely responsible for the payment of any local, state, or federal taxes

resulting from or attributable to the payments received under the settlement.  You should consult a tax preparer if you have any tax-related questions.

You will have ninety (90) days to cash your settlement checks before your settlement checks are voided.  After that date, any uncashed check amounts will be donated to charity.

## 13.   DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE?

Yes.  The Court has appointed the following law firm to represent you and other Settlement Class Members.  These lawyers are referred to as Class Counsel and include:

Rachhana T. Srey and Robert L. Schug of the law firm Nichols Kaster, PLLP and Vildan A. Teske and Marisa C. Katz of the law firm Teske, Katz, Kitzer & Rochel, PLLP in Minneapolis, Minnesota.

You will not be charged directly by Class Counsel for their services, but they will ask the Court to award them attorneys' fees and litigation costs from the Settlement.  More information about Class Counsel and their experience is available at the following websites: www.nka.com and www.tkkrlaw.com.

You may hire your own attorney, if you wish; however, you will be responsible for any fees and expenses that the attorney charges you.

## 14.   HOW WILL THE LAWYERS BE PAID?

As part of the settlement, Class Counsel will seek recovery of one-third of the total settlement amount, or $2,916,666.66, in addition to their out-of-pocket litigation costs of $300,000.  The payment of these attorneys' fees and out-of-pocket litigation costs will be subject to court approval.

**Please note, these amounts have already been deducted from your settlement share, and the settlement offer amount listed above will not be subject to any further deductions for attorneys' fees or costs.**

## 15.   HOW WILL THE CLASS REPRESENTATIVES BE PAID?

To compensate the Class Representatives for their work in this litigation on behalf of the Settlement Class, Class Counsel will request that the original named plaintiff, Paris Shoots, be awarded six thousand dollars ($6,000.00) and the remaining named plaintiffs awarded a service payment of two thousand dollars ($2,000.00) each. In addition, Class Counsel will request that any Plaintiffs who had their depositions taken be awarded a service payment of five hundred dollars ($500.00) each. These awards will be paid in addition to the individual settlement amounts allotted.

### 16.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE OF THE SETTLEMENT?

The settlement is subject to court approval and satisfaction of all conditions set forth in the Settlement Agreement filed with the Court.  Class Counsel will be filing a motion with the Court on or before [**DATE**], requesting final approval of the settlement.  The Court will hold a Final Approval Hearing on [DATE], at [TIME]. At this hearing, the Court will consider whether or not the Settlement is fair, reasonable, and adequate.  If there are written objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether or not to approve the Settlement.

The Hearing will be held before Judge Susan Richard Nelson at 774 Federal Building, 316 N. Robert Street., St. Paul, MN 55101.

### 17.   DO I HAVE TO ATTEND THE HEARING?

No.  Class Counsel will answer questions the Court may have, but you may appear at your own expense.  If you send a written objection, the Court will consider it.  You may also pay your own lawyer to attend the hearing if you desire.

### 18.   IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT?

Yes.  As long as you don't exclude yourself, you have the right to appear through your own counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your Notice of Appearance and any written objections you may have are submitted by [**date**].  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

### 19.   WHERE DO I OBTAIN MORE INFORMATION?

If you have questions about the settlement and want additional information, you may contact the class action settlement administrator:

[NAME]
[ADMINISTRATOR]
[CONTACT INFO]
[ADDRESS 1]
[ADDRESS 2]

You can read the Plaintiffs' Complaint, Defendant's Answer, and other case and settlement documents at [website].

### DO NOT CONTACT THE COURT