# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Paris Shoots, Jonathan Bell, Maxwell Turner, Tammy Hope, Phillipp Ostrovsky, Brenda Brandt, Anissa Sanders, Najai McCutcheon, and Michael Chavez, on behalf of themselves, the Proposed Rule 23 Classes, and others similarly situated, | Court File No. 0:15-cv-00563-SRN-SER |
| Plaintiffs, | **ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL** |
| v. | |
| iQor Holdings US Inc., | |
| Defendant. | |

_____

The above-entitled matter came before this Court upon Plaintiffs' Unopposed Motion for Preliminary Settlement Approval. Based upon the memoranda, declarations, exhibits, and all the files and proceedings herein, the Court orders as follows:

## ORDER

1. Plaintiffs' Motion for Preliminary Settlement Approval [Doc. No. 464] is **GRANTED**.

2. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified the following FLSA Collective pursuant to 29 U.S.C. § 216(b) to all current and former Contact Center Agents who used TimeQey for timekeeping purposes at any time from October 19, 2012 to December 31, 2014.

3. Pursuant to Fed. R. Civ. P. 23, the Court certifies the following classes for

the purposes of settlement:

>   Arizona Settlement Class: All individuals employed by iQor as Contact Center Agents in Arizona who used TimeQey for timekeeping purposes at any time from April 3, 2014 to December 31, 2014.
>
>   California Settlement Class: All individuals employed by iQor as Contact Center Agents in California who used TimeQey for timekeeping purposes at any time since February 21, 2013 to December 31, 2014.
>
>   Colorado Settlement Class: All individuals employed by iQor as Contact Center Agents in Colorado who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014
>
>   Minnesota Settlement Class: All individuals employed by iQor as Contact Center Agents in Minnesota who used TimeQey for timekeeping purposes at any time from January 21, 2012 to December 31, 2014.
>
>   New York Settlement Class: All individuals employed by iQor as Contact Center Agents in New York who used TimeQey for timekeeping purposes at any time from April 3, 2009 to December 31, 2014.
>
>   North Carolina Settlement Class: All individuals employed by iQor as Contact Center in North Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2013 to December 31, 2014.
>
>   Ohio Settlement Class: All individuals employed by iQor as Contact Center Agents in Ohio who used TimeQey for timekeeping purposes at any time from April 3, 2007 to December 31, 2014.
>
>   South Carolina Settlement Class: All individuals employed by iQor as Contact Center Agents in South Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014.

4. The Court appoints the following individuals as Class Representatives: Sophia Ward (Arizona); Michael Chavez (California); Brenda Brandt (Colorado); Paris Shoots (Minnesota); Jonathan Bell (New York); Maxwell Turner (New York); Anissa Sanders (North Carolina); Tammy Hope (Ohio); and Denise Duffie-McCants (South

Carolina).

5. The Court appoints Nichols Kaster, PLLP and Teske, Katz, Kritzer & Rochel, PLLP as Class Counsel.

6. The Court finds that the Settlement Agreement, along with the plan for distribution of notice, attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Settlement Approval is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the class members. Specifically, based on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, the Court finds that this case involved a *bona fide* dispute over wages. The Court finds that preliminary approval is warranted in light of the extensive amount of discovery that took place, the merits of Plaintiffs' case, weighed against the terms of the Settlement Agreement, Defendant's financial condition, and the complexity and expense of further litigation. The Court finds that the Class Representatives and Class Counsel have adequately represented the classes, and that the Settlement Agreement was negotiated at arm's length. The Court further finds that the relief provided by the Settlement Agreement is adequate, in consideration of the following: the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of distributing relief to the class; and the terms of the proposed award of attorneys' fees, costs, and service awards. The Court finds that the Settlement Agreement treats class members equitably relative to each other.

7. The Court appoints Angeion Group as settlement administrator, and directs that notice be distributed pursuant to the notice plan set forth in the Settlement Agreement.

8. Class Counsel shall file their motion for Attorneys' Fees, Costs, and Service Awards on or before February 26, 2019.

9. The Court will conduct a Final Approval Hearing on April 12, 2019, at 9:30 a.m. to determine the overall fairness of the settlement and the amount of attorneys' fees, costs, and service awards.

IT IS SO ORDERED.

Dated: Dec. 19, 2018          s/Susan Richard Nelson
                                         Susan Richard Nelson
                                         United States District Judge