## UNITED STATES DISTRICT COURT
### District of Minnesota

**JUDGMENT IN A CIVIL CASE**

Paris Shoots, Jonathan Bell, Maxwell Turner, Tammy Hope, Phillipp Ostrovsky, Brenda Brandt, Anissa Sanders, Najai McCutcheon, and Michael Chavez, on behalf of themselves, the Proposed Rule 23 Classes, and others similarly situated,

                Plaintiff(s),

Case Number: 15-cv-563 (SRN/SER)

v.

iQor Holdings US, Inc.,

                Defendant(s).

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs' Motions for Final Settlement Approval and for Attorney's Fees, Costs, and Service Awards are **GRANTED**.

2. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified the following FLSA Collective pursuant to 29 U.S.C. § 216(b) to all current and former Contact Center Agents who used TimeQey for timekeeping purposes at any time from October 19, 2012 to December 31, 2014.

3. Pursuant to Fed. R. Civ. P. 23, the Court has also certified the following Settlement Classes:

Arizona Settlement Class: All individuals employed by iQor as Contact Center Agents in Arizona who used TimeQey for timekeeping purposes at any time from April 3, 2014 to December 31, 2014. California Settlement Class: All individuals employed by iQor as Contact Center Agents in California who used TimeQey for timekeeping purposes at any time since February 21, 2013 to December 31, 2014. Colorado Settlement Class: All individuals employed by iQor as Contact Center Agents in Colorado who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014 Minnesota Settlement Class: All individuals employed by iQor as Contact Center Agents in Minnesota who used TimeQey for timekeeping purposes at any time from January 21, 2012 to December 31, 2014. New York Settlement Class: All individuals employed by

iQor as Contact Center Agents in New York who used TimeQey for timekeeping purposes at any time from April 3, 2009 to December 31, 2014. North Carolina Settlement Class: All individuals employed by iQor as Contact Center in North Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2013 to December 31, 2014. Ohio Settlement Class: All individuals employed by iQor as Contact Center Agents in Ohio who used TimeQey for timekeeping purposes at any time from April 3, 2007 to December 31, 2014. South Carolina Settlement Class: All individuals employed by iQor as Contact Center Agents in South Carolina who used TimeQey for timekeeping purposes at any time from April 3, 2012 to December 31, 2014.

4. The Court has appointed the following individuals as Class Representatives: Sophia Ward (Arizona); Michael Chavez (California); Brenda Brandt (Colorado); Paris Shoots (Minnesota); Jonathan Bell (New York); Maxwell Turner (New York); Anissa Sanders (North Carolina); Tammy Hope (Ohio); and Denise Duffie-McCants (South Carolina). The Court has likewise appointed Nichols Kaster, PLLP and Teske, Katz, Kitzer & Rochel, PLLP as Class Counsel.

5. The Court finds that the settlement is in all respects fair, reasonable, and adequate. the terms of the Settlement Agreement are incorporated into this Order. Specifically, based on the submissions by Plaintiffs with their Motions for Preliminary and Final Settlement Approval, the Court finds: a. that this case involved a *bona fide* dispute over wages;

b. that the Parties engaged in extensive fact discovery over the course of nearly five years, allowing both sides to evaluate the strengths and weaknesses of their respective positions;

c. that the settlement is the product of extensive, arm's-length negotiations, aided by well-respected mediators over the course of multiple mediations sessions and numerous subsequent negotiations;

d. that the Class Representatives and Class Counsel have at all times adequately represented the classes;

e. that the settlement provides adequate relief for the Class Members, taking into account (1) the merits of Plaintiffs' claims and Defendants' defenses, (2) the costs, risks, and delay of trial and potential appeals, (3) the settlement allocation amounts and methodology, (4) the method of distributing the settlement funds, and (5) the terms and timing of the payment of attorney's fees, costs, and incentive awards; and

f. that the settlement treats Class Members equitably relative to each other.

6. The Court finds that the multiple forms of settlement notice provided to the classes satisfy the notice requirement of Rule 23 and meet the requirements of due process.

7. There are three members of the Settlement Classes who timely excluded themselves

from the settlement: Shirley Boyd, Linda Ellis, and Daniel Wicht. These individuals shall have no rights or interests with respect to the settlement, will not be bound by the release, and will not be bound by any offers or judgments entered with respect to the settlement.

8. One Settlement Class Member, Aileen Jordan, timely objected to the settlement. After reviewing the objection, the Court overrules the objection, as it does not relate to or call into question the overall fairness of the settlement and is outside the scope of the claims asserted in this matter. Aileen Jordan is bound by the settlement.

9. The names of the Settlement Class Members, along with their minimum allocation amounts, are set forth in Exhibit B to the Declaration of Rachhana T. Srey submitted with Plaintiffs' Motion for Final Settlement Approval. Each Settlement Class Member will be bound by the releases set forth in the Settlement Agreement upon deposit by Defendants of the Gross Settlement Amount with the settlement administrator as set forth herein and in the Settlement Agreement.

10. The Court grants Class Counsel's request for an award of attorney's fees in the amount of $2,916,666.66, and costs in the amount of $273,065.00. The Court finds that the requested attorney's fees (one-third of the common fund) are in line with theParties' Settlement Agreement, and are reasonable in light of (1) the benefit conferred on the Classes, (2) the risk to which Class Counsel was exposed, (3) the difficulty and novelty of the legal and factual issues, (4) the skill of the lawyers, (5) the time and labor involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases. The Court finds that the amount of time spent and the rates charged by Class Counsel are reasonable. The Court further finds that the costs requested are in line with the Parties' Settlement Agreement and are reasonable and relevant to the litigation.

11. The Court approves Class Counsel's request for service awards for each of the Named Plaintiffs/Class Representatives and each of the class members who were deposed in discovery. The amounts requested are reasonable in light of (1) the actions the plaintiffs took to protect the Classes' interests, (2) the degree to which the Classes have benefitted from those actions, and (3) the amount of time and effort Plaintiffs expended in pursuing litigation. The Court approves an award of $6,000 to Named Plaintiff/Class Representative Paris Shoots, and $2,000 each to Named Plaintiffs/Class Representatives Sophia Ward, Phillip Ostrovsky, Michael Chavez., Brenda Brandt, Jonathan Bell, Maxwell Turner, Anissa Sanders, Tammy Hope, and Denise Duffie-McCants. The Court approves an award of $500 each to Class Members Thomas Blomquist, Rhodija Clark, Stephanie Dorsey, Eric Evenski, Ebby Gonzalez, Destanee Hayes, Idalia Mejia, Jamal Muwwakkil, Shatiea Pryor, Michelle Rose, and Eve Williams, who were deposed during discovery.

12. As set forth in the Settlement Agreement, the Court orders Defendants to deposit the

Gross Settlement Amount with the settlement administrator within thirty-one (31) days of the Settlement Effective Date or September 30, 2019, whichever is later. The Court approves the subsequent distribution of the settlement funds to the Settlement Class Members and attorney's fees and costs to Class Counsel.

13. The Court orders compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all maters arising out of the settlement or the administration of the settlement. Plaintiffs' Motions for Final Settlement Approval and for Attorney's Fees, Costs, and Service Awards are **GRANTED**.

The claims of the Class Members who timely requested exclusion, identified above, are dismissed without prejudice.

The objection of Aileen Jordan is **OVERRULED**.

This case is dismissed with prejudice, and judgment entered consistent with the terms of the Settlement Agreement.

Date: 4/27/2019                      KATE M. FOGARTY, CLERK

                                                         s/Mandy Price
                                           (By)  M. Price, Deputy Clerk